O D SILVERSTEIN, MD, PC v SERVICES, INC

Docket Nos. 96885, 97751. Submitted November 3, 1987, at Lansing. Decided December 21, 1987.

Plaintiff, O. D. Silverstein, M.D., P.C., entered into a consulting agreement with Biomedical Diagnostic Services, Ltd. Thereafter, Biomedical was sold to new owners who incorporated under the name of Services, Inc., but continued to do business under the name of Biomedical Diagnostic Services, Ltd. Plaintiff continued to provide services to Biomedical. Plaintiff then exercised its option under the agreement to terminate its services effective February 28, 1985. Plaintiff was not paid for services provided prior to that time. On March 14, 1985, all of the stock in Services, Inc., was sold to a new owner through an agreement which provided that the new owner and Services, Inc., would not be liable for any employment agreement in existence at that time. Services, Inc., continued to do business as Biomedical, but plaintiff provided no services to Services, Inc., after the purchase. Plaintiff thereafter brought an action in the Oakland Circuit Court against defendant, Services, Inc., to collect the amount owed. Mediation of the matter resulted in an award of $17,000 in plaintiff's favor. The mediation award was accepted by plaintiff and rejected by defendant. Subsequently, the trial court, Frederick C. Ziem, J., granted summary disposition to plaintiff and entered a judgment for plaintiff in the amount of $19,087.14 plus interest and costs. Plaintiff then moved, pursuant to MCR 2.403, for an award of actual costs and a reasonable attorney fee. The trial court denied the motion since the matter had not proceeded to trial. Plaintiff appealed from the denial of the award of actual costs and defendant appealed from the order granting plaintiff summary disposition. The appeals were consolidated.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Arbitration and Award §§ 139, 166.

Am Jur 2d, Corporations §§ 1-4, 25, 166, 850, 855.

Liability of parties to arbitration for costs, fees, and expenses. 57 ALR3d 633.

Similarity of ownership or control as basis for charging corporation acquiring assets of another with liability for former owner's debts. 49 ALR 3d 881.

1. The trial court properly granted summary disposition in plaintiff's favor. The debt follows the corporation, not the corporation's stockholders.

2. MCR 2.403(O) only applies to cases that proceed to trial. The trial court properly denied plaintiff's motion for actual costs, including a reasonable attorney fee, under MCR 2.403, because the matter did not proceed to trial.

Affirmed.

1. Corporations — Contracts.

A corporation is a legal person and is bound by its contracts regardless of internal agreements or disagreements.

2. Corporations — Corporate Debts — Stockholders.

The sale of a corporation's stock changes the makeup of the equity owners of the corporation, however, it does not change the legal existence of the corporation and cannot extinguish the obligations of the corporation; a corporate debt follows the corporation, not the corporation's stockholders.

3. Costs — Mediation — Summary Disposition — Court Rules.

A mediation court rule which provides that if a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs only applies to cases that proceed to trial and does not apply where an action is concluded by a grant of summary disposition (MCR 2.403[O][1]).

*Goldstein, Serlin, Eserow, Rosenbaum & Baker, P.C. (by Barry M. Rosenbaum), for plaintiff.*

*Clark, Hardy, Lewis, Pollard & Page, P.C. (by James R. Hand and Michael Clawson), for defendant.*

Before: Cynar, P.J., and Sawyer and J. A. Gillis,* JJ.

Per Curiam. Defendant appeals from the circuit court's grant of summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(10), no genuine issue of material fact, challenging that grant of

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

summary disposition. Plaintiff also appeals from the summary disposition judgment, challenging the trial court's denial of an award of costs to plaintiff under MCR 2.403. The appeals have been consolidated and we affirm.

This action arises over a dispute concerning liability for a corporate debt. In 1978, plaintiff entered into a consulting agreement with Biomedical Diagnostic Services, Ltd. That agreement provided for plaintiff to provide certain medical services to Biomedical in exchange for eighteen percent of Biomedical's gross receipts.

In 1983, Biomedical was sold to Marshall G. Kratz, M.D., and Steven G. Mead. The new owners incorporated under the name of Services, Inc., but continued to do business under the name of Biomedical Diagnostic Services, Ltd.. Plaintiff continued to provide services to Biomedical.

In December, 1984, plaintiff exercised its option under the agreement to terminate its services effective February 28, 1985. Plaintiff was not paid for services provided prior to February 28, 1985, thus giving rise to the instant action.

On March 14, 1985, Kratz and Mead sold all stock in Services, Inc., to Ram Gunabalan by way of a "Stock Purchase and Redemption Agreement." That agreement provided that Gunabalan and the company would not be liable for any employment agreement in existence at that time. Following the purchase of the corporation by Gunabalan, Services, Inc., continued to do business as Biomedical, but plaintiff provided no services to defendant after the purchase.

Starting in May, 1985, plaintiff attempted to collect the outstanding fees from defendant. However, plaintiff was unsuccessful in its attempts to collect the amount due. Thereafter, plaintiff filed the instant action to collect the amount owed. The

matter was submitted to mediation, which resulted in an award of $17,000 in plaintiff's favor. The mediation award was accepted by plaintiff and rejected by defendant.

Subsequently, the trial court granted summary disposition to plaintiff, finding defendant liable for the debt, and entered a judgment for plaintiff in the amount of $19,087.14 plus interest and costs. Plaintiff thereafter moved to be awarded actual costs, including a reasonable attorney fee, pursuant to MCR 2.403, since plaintiff sufficiently improved its position in the final judgment relative to the amount of the mediation award. The trial court denied the motion since the matter had not proceeded to trial.

I

We first consider defendant's argument that the trial court erred in finding that there existed no genuine issue of material fact concerning defendant's liability for the corporate debt. A motion for summary disposition based on the lack of a genuine issue of material fact, MCR 2.116(C)(10), tests the factual merit of the claim. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Courts are liberal in finding that a genuine issue of material fact exists and give the benefit of every reasonable doubt to the opposing party. *Id.* Before granting the motion, the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Id.*

The thrust of defendant's argument is that the stock sale agreement specifically provided that it would not be liable for any existing employment contracts. There are several defects in defendant's argument. First, at the time of the stock sale,

there was no longer an existing contract between plaintiff and defendant as plaintiff had terminated the contract some time before the stock sale. Thus, only the debt to plaintiff remained.

Second, we fail to see how an agreement between the old stockholders and the new stockholder concerning the sale of the stock could affect the rights of third parties. A corporation is a legal person and is bound by its contracts regardless of internal disagreements or, for that matter, internal agreements. *Redinger v Standard Oil Co,* 6 Mich App 74, 80; 148 NW2d 225 (1967). Thus, while a sale of stock changes the makeup of the equity owners of the corporation, it does not change the legal existence of the corporation and, therefore, cannot extinguish the obligations of the corporation. To adopt defendant's position would create an untenable rule of law that, every time stock changes hands, the corporation can renounce its prior debts.

In short, the debt follows the corporation, not the corporation's stockholders. The debt was created as an obligation of the corporation and remains such. Accordingly, the trial court properly granted summary disposition in plaintiff's favor.[1]

II

We now turn to plaintiff's argument that the trial court erred in denying plaintiff actual costs, including a reasonable attorney fee, under MCR 2.403, based upon plaintiff's acceptance of mediation and defendant's rejection, because the matter

[1] We do note that a different result might occur had Dr. Gunabalan purchased the assets of defendant, rather than the stock in defendant. It would seem that in a sale-of-assets transaction, the debt would remain behind with the remaining shell of the corporation rather than following the corporate assets to Dr. Gunabalan.

did not proceed to trial. MCR 2.403(O)(1) provides in pertinent part as follows:

> If a party has rejected an evaluation *and the action proceeds to trial,* that party must pay the opposing party's actual costs unless . . . .

Plaintiff argues that the word "trial" in the court rule should include summary dispositions. We disagree. In promulgating the above rule, the Supreme Court used the word "trial," not "judgment" or the phrase "trial or other disposition." We presume that when the Supreme Court said "trial" it meant "trial." Had the Supreme Court wished to extend the provision to include summary dispositions, it could have said "and the action proceeds to judgment" or a similar phrase. While plaintiff may be correct that the better policy would be to apply the rule to summary dispositions as well as trials, that argument will have to be presented to the Supreme Court in an argument to amend the court rules. Until the Supreme Court sees fit to amend the rules, we conclude that MCR 2.403(O) only applies to cases that proceed to trial.[2]

Affirmed. No costs, neither party having prevailed in full.

[2] We are aware that the Supreme Court has recently issued an order amending MCR 2.403, effective December 1, 1987. 429 Mich xi. Among other changes, the new court rule adds a new subsection, 2(c), to subrule MCR 2.403(O), which defines "verdict" to include "a judgment entered as a result of a ruling on a motion filed after mediation." Since that rule obviously does not affect the case at bar, we will not speculate on what effect, if any, the amendment has on this issue. We only wish to warn bench and bar that this question may require a new analysis for similar issues arising after December 1, 1987.