THE WAYNE-OAKLAND BANK v BROWN VALLEY FARMS, INC

Docket No. 95357. Submitted June 16, 1987, at Lansing. Decided July 18, 1988. Leave to appeal applied for.

David Kelman, a minor, was injured by a lawn mower operated at Brown Valley Farms. The Wayne-Oakland Bank, as next friend of David Kelman, and Alan P. Kelman, brought an action against Brown Valley Farms, Inc., and Bill Brown, Inc., in the Oakland Circuit Court. Defendants filed a third-party claim against Ford Motor Company, the manufacturer of the lawn mower, for indemnification and contribution on the ground of defective design. The case proceeded to mediation under the General Court Rules. The mediators recommended an award of $325,000 in favor of plaintiffs and against defendants, and an award of no cause of action on defendants' third-party complaint against Ford. Plaintiffs and Ford accepted the award; defendants rejected it. The case went to trial. Ford was dismissed as a party and a judgment of no cause of action was entered in defendants' favor. The judgment was affirmed by the Court of Appeals in an unpublished opinion per curiam, decided March 23, 1984 (Docket No. 67057). The court, James S. Thorburn, J., subsequently granted Ford costs and attorney fees, plus twelve percent interest against defendants. Defendants appealed.

The Court of Appeals *held:*

1. Once a party has rejected a mediation valuation and trial on the case commences, the court rules authorize mediation sanctions against the party any time he fails to improve his position by ten percent, regardless of whether the case results in a verdict. The imposition of costs and attorney fees was proper as a mediation sanction and the court's award was not an abuse of discretion.

2. The granting of twelve percent interest on an award of costs and attorney fees was not an abuse of discretion.

Affirmed.

REFERENCES

Am Jur 2d, Costs §§ 52 *et seq.*

Am Jur 2d, Arbitration and Award § 139.

See the Index to Annotations under Arbitration and Award; Attorneys' Fees; Costs and Expenses.

1. TRIAL — MEDIATION — SANCTIONS — COURT RULES.
   Once a party has rejected a mediation valuation and trial on the
   case commences, the court rules authorize mediation sanctions
   against the party any time he fails to improve his position by
   ten percent, regardless of whether the case results in a verdict
   (GCR 1963, 316.7[b][1]; MCR 2.403[O][1]).

2. COSTS — INTEREST — ATTORNEY FEES.
   The granting of twelve percent interest on an award of costs and
   attorney fees is not an abuse of discretion (MCL 600.6013; MSA
   27A.6013).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Brown Valley Farms, Inc., and Bill Brown, Inc.

*Ogne, Jinks, Alberts & Stewart, P.C.* (by *Wayne Ogne* and *Bryan Cermak*), for Ford Motor Company.

Before: DANHOF, C.J., and DOCTOROFF and T. M. GREEN,* JJ.

T. M. GREEN, J. In this case we consider the propriety of mediation sanctions awarded pursuant to former GCR 1963, 316.7(b)(1), now MCR 2.403(O)(1). Defendants and third-party plaintiffs Brown Valley Farms, Inc., and Bill Brown, Inc. (hereinafter appellants) appeal as of right from an award of mediation sanctions in favor of third-party defendant Ford Motor Company.

The incident giving rise to this appeal occurred on June 18, 1977, when seven-year-old David Kelman was injured by a lawn mower operated at Brown Valley Farms. On February 21, 1979, a negligence suit was filed on the boy's behalf in Oakland Circuit Court, naming appellants as defendants. On March 10, 1980, appellants filed suit as third-party plaintiffs against Ford Motor Com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pany, the manufacturer of the lawn mower, seeking indemnification and contribution on the basis that the lawn mower was defectively designed.

The case proceeded to mediation under GCR 1963, 316 in October, 1980. The mediators recommended an award of $325,000 in favor of plaintiffs and against appellants, and an award of no cause of action on appellants' third-party complaint against Ford. Pursuant to an agreement of the parties, the mediation award was sealed so that settlement discussions could be undertaken. In January, 1981, the mediation award was unsealed after settlement negotiations broke down. Plaintiffs and Ford accepted the award; appellants rejected it.

The case went to trial in May, 1982. On the first day, plaintiffs called Mr. Brown as a witness. On cross-examination by counsel for Ford, Brown testified that, to his knowledge, nothing was wrong with the mower. Ford immediately moved for "dismissal or summary judgment or directed verdict" regarding the third-party complaint. Ford's motion was granted, and Ford was dismissed from the case by an order of June 25, 1982. The order stated that the matter of costs and attorney fees would be reserved for subsequent argument and proofs.

The jury returned a verdict of no cause of action against plaintiffs on their complaint. Plaintiffs then moved for a judgment notwithstanding the verdict or a new trial. This motion was denied by an order of September 8, 1982. Plaintiffs appealed from the order, and appellants cross-appealed challenging the order dismissing their third-party complaint against Ford. In an unpublished per curiam decision of March 23, 1984, this Court affirmed both orders of the circuit court, Docket No. 67057.

Plaintiffs and appellants next requested leave to

appeal in the Michigan Supreme Court. On January 30, 1985, the Court issued an order holding such applications in abeyance pending release of decisions in two other cases. The two decisions were released on November 13, 1985; plaintiffs and appellants subsequently reached a settlement, and the applications were dismissed by stipulation pursuant to an order entered in the Supreme Court on March 6, 1986.

Following dismissal in the Supreme Court, Ford moved for costs, attorney fees and interest against appellants pursuant to GCR 1963, 316.7(b)(1), now MCR 2.403(O)(1). Ford requested an amount totaling $36,413.87, representing $24,414.31 in costs and attorney fees for trial and appellate work, plus twelve percent interest dating from the circuit court's June 25, 1982, order dismissing the third-party complaint. Appellants challenge here the circuit court's order of September 17, 1986, awarding Ford $36,787.90 in costs, attorney fees and interest.

Appellants argue that the circuit court could not award mediation sanctions in favor of Ford because there was no verdict entered at trial on the third-party complaint. However, in the event that we find mediation sanctions appropriate, appellants contend that the circuit court erroneously awarded attorney fees for appellate work, erroneously refused to find the requested attorney fees unreasonable, and erroneously awarded interest on the amount of costs and attorney fees.

Appellants' argument against the propriety of mediation sanctions in the instant case is based on the following provision of MCR 2.403(O):[1]

---

[1] GCR 1963, 316.7 provided:

(b) If any party rejects the panel's evaluation, the case proceeds to trial in the normal fashion.

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

Under appellants' reading of the rule, a verdict is a prerequisite to an award of mediation sanctions and as there was no verdict reached on the third-party complaint in the instant case, the circuit court was not authorized to award mediation sanctions.

We disagree with appellants' interpretation of MCR 2.403(O)(1). The committee notes to the rule suggest that the provision was not intended to require a verdict as a prerequisite to the imposition of mediation sanctions, stating, "[t]he rejecting party is liable for costs *unless that party improves its position* by at least 10 percent . . . ." (Emphasis added.) Once trial of a case has commenced, we hold that the rule authorizes mediation sanctions any time a party fails to improve his position by ten percent, regardless of whether the case reaches the finder of fact for a verdict.

(1) If the defendant accepts the evaluation but the plaintiff rejects it and the case proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the panel's evaluation, or pay actual costs to the defendant.

Although mediation in this case was conducted pursuant to GCR 1963, 316, appellants correctly assert that under MCR 1.102 the new court rules apply to all proceedings brought on or after March 1, 1985, and to all further proceedings then pending. We note that in actions begun before March 1, 1985, the trial court has discretion to apply the old court rules where application of the new rules would be infeasible or unjust. We agree with the circuit court that in the instant case, the same result would follow under either rule.

Our interpretation of the rule is consistent with its purpose to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award. *Commercial Union Ins Co v Liberty Mutual Ins Co,* 137 Mich App 381, 394; 357 NW2d 861 (1984), aff'd on other grounds 426 Mich 127 (1986). The commencement of trial is the necessary prerequisite for mediation sanctions under MCR 2.403, not the rendering of a verdict. See *O D Silverstein, MD, PC v Services, Inc,* 165 Mich App 355, 360; 418 NW2d 461 (1987).[2] Under appellants' reading, a party with a case too weak to reach the jury would not be subject to mediation sanctions if it rejected a mediation award, even though such sanctions might be more appropriate to it than to a party with a case strong enough to proceed to a verdict. Accordingly, we uphold the circuit court's decision to award mediation sanctions against appellants.

Having determined that mediation sanctions were appropriate in the instant case, we will not disturb the circuit court's award absent an abuse of discretion. *Bien v Venticinque,* 151 Mich App 229, 232; 390 NW2d 702 (1986). We find no abuse of discretion in the court's award of sanctions against appellants.

First, we note that appellants' counsel stipulated to the accuracy and reasonableness of Ford's requested attorney fees, including fees for appellate work:

> *The Court:* Court's in session again. I think we've agreed that we're going to have further

[2] In *Fisher v Detroit Free Press, Inc,* 158 Mich App 409, 419; 404 NW2d 765 (1987), another panel of this Court upheld an award of mediation sanctions in a case decided before trial on a motion for summary disposition. However, in doing so, the *Fisher* Court acknowledged that the conditional order granting the motion for sanctions had never been appealed. *Id.,* p 416.

arguments on Wednesday, July 30th, and the Court further would inquire—you filed Hardig's affidavit and I take it that the plaintiff's position is that as a matter of law, you're [sic] argument is that you're not—there should be no sanction implied—applied, but if you're wrong on the law, that the amount charged, the $36,000 and the interest as alleged by Mr. Ogne, are correct and accurate?

*Mr. Bryant:* That's my understanding, Your Honor, yes.

*The Court:* All right.

We find counsel's acknowledgment to be a binding admission made for the express purpose of dispensing with formal proof regarding the amount and reasonableness of attorney fees. See *Gojcaj v Moser,* 140 Mich App 828, 833-834; 366 NW2d 54 (1985). Our finding is supported by the fact that the circuit judge made no separate findings on the record regarding the fees. Given counsel's admission and the court's failure to make findings, the issue is not preserved for appellate review. *Johnston v Detroit Hoist & Crane Co,* 142 Mich App 597, 600; 370 NW2d 1 (1985).

We further find no abuse of discretion in the circuit court's award of twelve percent interest on the amount of costs and attorney fees from June 25, 1982. Our Supreme Court and several panels of this Court have held that interest may be granted on an award of costs and attorney fees pursuant to MCL 600.6013; MSA 27A.6013. See *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573, 589; 321 NW2d 653 (1982); *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636, 652-653; 302 NW2d 260 (1981), lv den 411 Mich 1079 (1981); *Escanaba & Lake Superior R Co v Keweenaw Land Ass'n Ltd,* 156 Mich App 804, 820-821; 402 NW2d 505 (1986); *Butler v Detroit Automobile*

*Inter-Ins Exchange,* 121 Mich App 727, 745; 329 NW2d 781 (1982). See also *Advo System, Inc v Walters,* 110 FRD 426, 433 (ED Mich, 1986), in which interest was imposed on an award of attorney fees under Eastern District Local Rule 32(j), the federal district court's counterpart to MCR 2.403(O).[3]

Affirmed.

---

[3] We decline to follow *Harvey v Gerber,* 153 Mich App 528, 530-531; 396 NW2d 470 (1986). We further note the contrary result reached in *City of Warren v Dannis,* 136 Mich App 651, 663; 357 NW2d 731 (1984), lv den 422 Mich 932 (1985), in which a public official sought a writ of mandamus to compel the city to indemnify her for attorney fees incurred in performance of official duties. The panel in *Dannis* characterized the award of attorney fees as equitable in nature and refused to apply interest to it. We disagree with the panel's characterization of the award.