MEHELAS v WAYNE COUNTY COMMUNITY COLLEGE

Docket No. 105876. Submitted January 11, 1989, at Detroit. Decided May 1, 1989. Leave to appeal applied for.

John N. Mehelas, M.D., P.C., and John N. Mehelas brought an action for breach of contract in Wayne Circuit Court against Wayne County Community College, the Wayne County Community College Board of Trustees, Juanita C. Ford and Charles D. Roberts. The trial court, Susan D. Borman, J., granted summary disposition in favor of plaintiffs on the issue of liability and ordered the matter mediated as to damages. The subsequent mediation evaluation was accepted by plaintiffs and defendants Ford and Roberts, but rejected by defendants college and board of trustees. A motion by plaintiffs for summary disposition as to the issue of damages was denied by the trial court. On interlocutory appeal, the Court of Appeals reversed the denial of the motion and, on remand, the trial court entered a judgment awarding damages to plaintiffs. Plaintiffs moved for the imposition of sanctions on defendants college and board of trustees pursuant to the mediation court rule, MCR 2.403. The trial court denied the motion. Plaintiffs appealed.

The Court of Appeals *held:*

MCR 2.403(O), prior to an amendment effective December 1, 1987, and at the time pertinent to this case, required an action to have proceeded to trial before sanctions could be imposed on a party for the party's rejection of a mediation evaluation. Sanctions could not therefore be imposed where, as here, the action was concluded by a grant of summary disposition.

Affirmed.

MAHER, P.J., dissented and would hold that, for purposes of MCR 2.403(O), an action proceeded to trial where, as here, it continued on after mediation in the direction of a trial. Judge MAHER would therefore hold that plaintiffs are entitled to mediation sanctions even though a trial had not commenced.

COSTS — MEDIATION — SUMMARY DISPOSITION — COURT RULES.

The court rule on mediation, prior to an amendment effective

REFERENCES
Am Jur 2d, New Topic Service, Alternative Dispute Resolution § 10.
See Index to Annotations under Alternative Dispute Resolution.

December 1, 1987, provided that if a party rejected an evalua-
tion and the action proceeded to trial, that party must pay the
opposing party's actual cost; the rule applied only to cases that
proceeded to trial and did not apply where an action was
concluded by a grant of summary disposition (MCR 2.403[0]).

*Wellman & McKinney, P.C.* (by *Douglas A. Mc-
Kinney*), for plaintiffs.

*Gregory J. Reed,* for defendants.

Before: MAHER, P.J., and CYNAR and GRIFFIN,
JJ.

GRIFFIN, J. Plaintiffs appeal as of right from a
December 18, 1987, order of the Wayne Circuit
Court denying their motion for mediation sanc-
tions in an action against Wayne County Commu-
nity College, Juanita C. Ford, Charles D. Roberts,
and the Wayne County Community College Board
of Trustees. We affirm.

I

Plaintiffs filed the underlying breach of contract
action against defendants on October 27, 1983. On
January 24, 1986, the trial court granted summary
disposition to the plaintiffs on the issue of liability
but ordered the matter mediated as to the amount
of damages. On January 30, 1986, a mediation
evaluation was rendered which was ultimately
accepted by the plaintiffs and defendants Ford and
Roberts but rejected by defendants Wayne County
Community College and Wayne County Commu-
nity College Board of Trustees.

Plaintiffs thereafter moved for summary disposi-
tion on the issue of damages. When the trial court
denied the motion, plaintiffs sought an interlocu-
tory appeal to this Court. We granted leave to
appeal and reversed the trial court's denial of

plaintiffs' motion for summary disposition on the issue of damages. The case was remanded to the trial court and a judgment was subsequently entered on October 8, 1987, in favor of plaintiffs in the sum of $184,439.14 plus $142 in taxable costs.

On December 1, 1987, plaintiffs filed a motion for mediation sanctions against Wayne County Community College and Wayne County Community College Board of Trustees (hereafter defendants) pursuant to MCR 2.403. It is beyond dispute that the judgment entered was more favorable to the plaintiffs than the mediation evaluation rejected by defendants. However, Judge Susan D. Borman ruled that the mediation court rule as it existed at the time of rejection did not allow the imposition of mediation sanctions if judgment was entered pursuant to a motion for summary disposition. We agree.

II

This case involves construction of the Michigan mediation rule, MCR 2.403, as it existed from the commencement of the Michigan Court Rules of 1985 effective March 1, 1985, through the date of an amendment effective December 1, 1987.[1]

The language of the first sentence of MCR 2.403(O)(1) has remained unchanged:

> If a party has rejected an evaluation and the action *proceeds to trial,* that party must pay the opposing party's actual costs unless the *verdict* is more favorable to the rejecting party than the mediation evaluation. [Emphasis added.]

[1] Although plaintiff's motion for mediation sanctions was filed December 1, 1987, the day the amendment became effective, appellants concede that the old mediation rule applies. We agree that application of the new rule would be unjust since the rejection occurred prior to the amendment. See, generally, MCR 1.105 and 1.102.

By amendment effective December 1, 1987, the Supreme Court added a new subparagraph 2 which defines "verdict" as follows:

> For the purpose of this rule "verdict" includes,
> (a) a jury verdict,
> (b) a judgment by the court after a nonjury trial,
> (c) *a judgment entered as a result of a ruling on a motion filed after mediation.* [Emphasis added.]

The plaintiffs make the argument that the mediation court rule has not been changed but has merely been clarified. It is asserted that the Supreme Court always intended the term "verdict" to be construed broadly to include not only a jury verdict but also a judgment, including one entered as a result of a motion such as a motion for summary disposition. The plaintiffs thus seek to eliminate any distinction between the new and old rules.

### III

In construing MCR 2.403 as it existed prior to the amendment, it is helpful to trace its history. In Michigan, mediation began with a number of local court rules such as the Wayne County mediation rule. In 1980, the Michigan Supreme Court promulgated on a statewide basis a mediation rule which benefited from local experience. GCR 1963, 316, effective July 1, 1980, provided the following in regard to the effect of rejection of a mediation evaluation:

> .7 Effect of Mediation.
>
> * * *
>
> (b) If any party rejects the panel's evaluation, *the case proceeds to trial, in the normal fashion.*

* * *

(2) If the plaintiff accepts the evaluation but the defendant rejects it and the case *proceeds to trial,* the defendant must obtain *a verdict* in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent below the panel's evaluation or pay actual costs to the plaintiff. [Emphasis added.]

The staff comment on GCR 1963, 316.7 is instructive as to the need for a trial in order for mediation sanctions to be triggered:

If a party rejects the mediation evaluation *and the case is tried,* the amount of the verdict in relation to the evaluation determines whether a party will be required to pay costs. [Emphasis added.]

Commentators during the period viewed the mediation rule as a vehicle for dispute resolution short of trial. It was hoped that the pretrial evaluation would facilitate settlement and, further, that the threat of sanctions for rejection of the evaluation would obviate the need for many trials.

Respected commentators Honigman and Hawkins stated the following in regard to the strong relationship between the mediation rule and trial:

Rule 316, adopted in 1980, provides a mechanism whereby parties may obtain an evaluation of their case *before going to trial.* In many cases, the evaluation will be accepted by the parties and *obviate the need for a trial.* To encourage compliance with the rule, sanctions in the form of attorney fees are provided against a party who rejects a mediation award and *obtains from a subsequent trial* a result that is more than 10 % less favorable

than the mediation award. [2 Honigman & Hawkins, Michigan Court Rules Annotated, 1984 supplement, p 88. Emphasis added.]

The successor rule, MCR 2.403(O)(1), adopts in substance the language of GCR 1963, 316.7 regarding the effect of rejection of mediation. Although the sentence structure has been changed, the triggering language has not.

Commentaries in 1985 on the new rules, Michigan Court Rules of 1985, fail to note any intended change in the mediation rule as to the necessity for commencement of trial. See, generally, 1 Court Rules of Michigan (ICLE, 2d ed), p 19, *Highlights of Major Changes Under the Michigan Court Rules of 1985.*

For these reasons, the construction of MCR 2.403 advanced by plaintiffs is not supported by the history of the court rule.

IV

A broad or liberal construction of MCR 2.403 is also contrary to the general rule of construction which holds that statutes and court rules in derogation of the common law must be strictly construed. *Tibor v Dep't of State Highways,* 126 Mich App 159, 162; 337 NW2d 44 (1983); *Prentis v Yale Mfg Co,* 116 Mich App 466, 469-470; 323 NW2d 444 (1982).

In *People v Lange,* 105 Mich App 263, 266-267; 306 NW2d 514 (1981), we stated that doctrines of statutory construction should apply in determining the Supreme Court's intent in promulgating rules of practice and procedure:

While doctrines of statutory construction are normally applied to effect legislative intent, to the

extent that they are helpful in determining the Supreme Court's intent in promulgating rules of practice and procedure, said doctrines are equally useful. Indeed, *doctrines of construction are far more likely to truly advance the Supreme Court's,* as opposed to the Legislature's, *intention in adopting the rules* and statutes within their respective powers. While it is presumed that the Legislature knows the principles of statutory construction, *People v Hall,* 391 Mich 175, 190; 215 NW2d 166 (1974), this presumption is often a mere legal fiction. However, there can be no doubt that the Supreme Court is truly cognizant of these doctrines.

Unlike other common-law jurisdictions such as the United Kingdom and Canada, the common law in the United States and the State of Michigan has held that attorney fees are not routinely awarded to the prevailing party. See, generally, *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74-75; 212 NW2d 821 (1973). Absent a special statute or court rule, each party in Michigan is normally responsible for his or her own attorney fees. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986). Since the award of attorney fees under the mediation court rule is a deviation from the common law, a strict, not liberal, construction should be applied.

V

The rule construction advocated by the plaintiffs is not the interpretation which was generally accepted by the practicing bar and bench during the preamendment period. Rather, it was widely assumed prior to the 1987 amendment that commencement of trial was a necessary prerequisite for the imposition of mediation sanctions. See, generally, Honigman and Hawkins, *supra.*

The bar and bench reasonably relied on this Court's holding in *O D Silverstein, MD, PC v Services, Inc,* 165 Mich App 355, 360; 418 NW2d 461 (1987). In *Silverstein, supra,* p 70, we held the following in regard to the mediation rule:

> Plaintiff argues that the word "trial" in the court rule should include summary dispositions. We disagree. In promulgating the above rule, the Supreme Court used the word "trial," not "judgment" or the phrase "trial or other disposition." We presume that when the Supreme Court said "trial" it meant "trial." Had the Supreme Court wished to extend the provision to include summary dispositions, it could have said "and the action proceeds to judgment" or a similar phrase. While the plaintiff may be correct that the better policy would be to apply the rule to summary dispositions as well as trials, that argument will have to be presented to the Supreme Court in an argument to amend the court rules. Until the Supreme Court sees fit to amend the rules, we conclude that MCR 2.403(O) only applies to cases that proceed to trial.

Further, this Court in *The Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 21; 428 NW2d 13 (1988), stated:

> The commencement of trial is the necessary prerequisite for mediation sanctions under MCR 2.403 . . . .

Through the present time, there is no authority supportive of the construction advanced by the plaintiffs. Their reliance upon *Fisher v Detroit Free Press, Inc,* 158 Mich App 409, 416; 404 NW2d 765 (1987), is misplaced since the Court in *Fisher* noted that an appeal had not been taken from the mediation sanctions.

The history of the mediation rule leads us to conclude that *Silverstein* and *Wayne-Oakland Bank* were correctly decided.

## VI

Finally, the doctrine of stare decisis compels adherence to our holding in *Silverstein.* During the preamendment period, attorneys routinely advised their clients that the threat of mediation sanctions did not exist short of trial. In hindsight, it is argued that such advice was seriously in error. We disagree and conclude that retroactive application of a new construction of the rule would be unwise and inequitable. Since the mediation court rule has now been amended, we see no compelling reason to revisit our holding in *Silverstein.*

Affirmed.

CYNAR, J., concurred.

MAHER, P.J. *(dissenting).* I respectfully dissent from the majority's conclusion that plaintiffs were not entitled to mediation sanctions as against defendants Wayne County Community College and Wayne County Community College Board of Trustees.

At the time the trial court denied plaintiffs' motion for mediation sanctions, the court rule governing such provided:

> If a party has rejected an evaluation and *the action proceeds to trial,* that party must pay the opposing party's actual costs unless *the verdict* is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favora-

ble to that party than the mediation evaluation.
[Emphasis added. MCR 2.403(O)(1).]

The emphasized language of that court rule represents the sections at issue in the instant case.

When MCR 2.403(O)(1) first became effective, many parties who rejected mediation awards came to this Court arguing that sanctions were not appropriate unless the matter resulted in a *verdict* less favorable to their positions. A "verdict," they argued, meant nothing short of its commonly accepted meaning—that is, a decision by a jury at the conclusion of a trial. But, those arguments were rejected by this Court in *Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16; 428 NW2d 13 (1988). In that case, this Court concluded, after considering the underlying purpose of MCR 2.403(O) (i.e., to place the burden of trial costs on the party who insists on a trial by rejecting mediation), that the rendering of a jury verdict is not a prerequisite for mediation sanctions. *Id.,* p 21.

The majority in the case at bar, by paying deference to the doctrine of stare decisis, apparently does not disagree with the holding in *Wayne-Oakland Bank.* Thus, the critical issue in this case is, what does the court rule mean when it says the action must proceed to trial. As I interpret MCR 2.403(O)(1), an action proceeds to trial where it continues on after mediation in the direction of a trial (i.e., absent some intervening circumstance, the case would eventually reach a conclusion at a trial). This would include actions which have not settled out or which have not been dismissed after being placed on the "no progress" docket. Had the Supreme Court intended an actual trial, it could have used much clearer language to indicate such. For example, the court rule could have read, "If a

party has rejected an evaluation and *a trial in the matter has commenced,* that party must pay . . . ."

My interpretation of MCR 2.403(O)(1), as it existed at the time of the trial court's ruling, finds support in, of all places, the most recent amendment to MCR 2.403(O). The court rule now reads:

> (1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.
>
> (2) For the purpose of this rule 'verdict' includes,
>
> (a) a jury verdict,
>
> (b) a judgment by the court after a nonjury trial,
>
> (c) a judgment entered as a result of a ruling on a motion filed after mediation.

The significance of the new MCR 2.403(O)(1) and (2) is that it retains the old language that "the action proceeds to trial" while defining "verdict" to include, among other things, judgments entered as a result of pretrial motions (e.g., summary disposition motions). If, as the majority concludes, an action proceeds to trial only when an actual trial is held or commenced, the Supreme Court would have had to amend the language that "the action proceeds to trial" when it included pretrial dispositions in the court rule. As the majority interprets it, an action "proceeds to trial" under the former court rule in a manner different than an action "proceeds to trial" under the new court rule. In other words, identical language has different meanings.

By not amending the old language, I can only

surmise that the Supreme Court did not intend that an actual trial be a prerequisite to the imposition of mediation sanctions. Rather, the Supreme Court must have meant that an action "proceeds to trial" when it continues after mediation in the direction of a trial. I would therefore hold that plaintiffs are entitled to mediation sanctions even though a trial had not commenced in the matter.