PARKHURST HOMES, INC v McLAUGHLIN

Docket No. 118434. Submitted December 11, 1990, at Grand Rapids.
   Decided February 5, 1991, at 9:00 A.M.

   Parkhurst Homes, Inc., brought an action in the Oakland Circuit
   Court against Doris McLaughlin, Vickie Pittenturf, and the
   Genesee Bank after McLaughlin and Pittenturf, who had ob-
   tained a loan from the bank to purchase a mobile home from
   the plaintiff, refused to pay the plaintiff for their purchase. In
   response to the plaintiff's claim of promissory estoppel, the
   bank offered to stipulate to the entry of a judgment in favor of
   the plaintiff in the amount of one dollar pursuant to MCR
   2.405. The plaintiff rejected the offer, and the court, Robert C.
   Anderson, J., subsequently granted summary disposition for the
   bank, ruling that the plaintiff had failed to state a claim on
   which relief could be granted, and granted the bank's request
   for costs pursuant to MCR 2.405. The plaintiff appealed.

      The Court of Appeals *held:*

      1. The trial court did not err in ruling that the plaintiff had
   failed to state a claim of promissory estoppel. Because the
   plaintiff's allegations state that the only promise it relied upon
   was performed, i.e., that Genesee Bank loaned money to Mc-
   Laughlin and Pittenturf as promised, there was not a claim on
   which relief could be granted.

      2. The trial court erred when it awarded costs to the Genesee
   Bank. MCR 2.405(D), which provides for payment of costs if an
   offer to stipulate to the entry of a judgment is rejected and the
   verdict plus interest and costs is more favorable to the offeror,
   does not apply to a judgment entered as a result of a ruling on
   a motion. Unlike MCR 2.403, regarding mediation, which de-
   fines "verdict" to include a jury verdict, a judgment by the
   court after a nonjury trial, or a judgment entered as a result of
   a ruling on a motion, MCR 2.405 defines "verdict" as an award
   rendered by a jury or by a court sitting without a jury. Thus,
   because the judgment of summary disposition in favor of the
   Genesee Bank was not a verdict for purposes of MCR 2.405,

REFERENCES

Am Jur 2d, Costs § 24.
See the Index to Annotations under Costs of Actions.

sanctions properly could not be imposed, requiring reversal of the award of costs.

Affirmed in part and reversed in part.

Costs — Offers to Stipulate to Entry of Judgment — Summary Disposition.

Following the rejection of an offer to stipulate to the entry of a judgment, costs may not be assessed against the offeree where judgment in favor of the offeror is entered pursuant to a motion for summary disposition (MCR 2.405[D][1]).

*DeMarco & Sage, P.C.* (by *Bruce J. Sage*), for Parkhurst Homes, Inc.

*Neithercut, Klapp, Shegos, Dillard & Banas* (by *Kittredge R. Klapp*), for Genesee Bank.

Before: Maher, P.J., and Sawyer and Brennan, JJ.

Per Curiam. The trial court granted defendant Genesee Bank's motion for summary disposition, thereby dismissing plaintiff's claim against it, while also granting defendant's request for costs under the offer-of-judgment rule, MCR 2.405. Plaintiff appeals as of right. We affirm the dismissal of plaintiff's claim, but reverse the award of costs.

Defendant bank was named as a party to this action by virtue of its role as a lender of funds for the purchase of a mobile home which individual defendants McLaughlin and Pittenturf contracted to purchase from plaintiff. Plaintiff commenced this action on November 12, 1987, after McLaughlin and Pittenturf refused to pay for the mobile home. Count III of plaintiff's complaint asserted a claim of promissory estoppel against defendant bank. The complaint contained the following allegations:

19. That on October 6, 1986, Defendant Genesee

Bank sent a written communication to Plaintiff advising Plaintiff that Defendant Genesee Bank approved Defendants McLaughlin and Pittenturf [sic] request for a loan, for the benefit of your plaintiff, for the purchase of the mobile home indicated above.

20. That the aforementioned written communication to your Plaintiff constituted a promise by Defendant Genesee Bank to loan money to Defendants McLaughlin and Pittenturf, for Plaintiff's benefit.

21. That Defendant Genesee Bank, by virtue of the aforementioned communication, expected and intended that communication to induce the Plaintiff to order the manufacture and construction of the aforementioned mobile home.

22. That your plaintiff relied upon the written communication by Defendant Genesee Bank and in fact ordered the manufacture and construction of the aforementioned mobile home.

23. That thereafter, without any notice to your plaintiff whatsoever, Defendant Genesee Bank conducted a closing of the loan extended to Defendants McLaughlin and Pittenturf and upon information and belief gave to Defendants McLaughlin and Pittenturf money belonging to your plaintiff.

24. That Defendant Genesee Bank took no reasonable precaution to insure that Plaintiff would receive the monies rightfully due to Plaintiff which the Plaintiff expected to receive from Defendant Genesee Bank pursuant to the written communication of October 6, 1986.

25. That justice will be served by this Court ordering Defendant Genesee Bank to forthwith pay to the Plaintiff the proceeds of the loan extended to the Defendants McLaughlin and Pittenturf.

Defendant bank filed an answer denying liability. On March 4, 1988, the bank offered to stipulate to the entry of a judgment in favor of plaintiff in the amount of one dollar pursuant to MCR

2.405. Plaintiff rejected the offer. In April 1988, cross-motions for summary disposition were filed, and on April 7, 1989, the trial court issued its opinion granting the bank's motion on the ground that plaintiff failed to state a claim on which relief could be granted, MCR 2.116(C)(8). Accordingly, the trial court found it unnecessary to address plaintiff's motion. The trial court also granted the bank's request for costs under the offer-of-judgment rule, MCR 2.405, but denied its request under MCR 2.114.

I

First, plaintiff argues that the trial court erred in granting defendant bank's motion for summary disposition. We disagree.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community Nat'l Bank,* 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions which can be drawn from the facts. *Kauffman v Shefman,* 169 Mich App 829, 833; 426 NW2d 819 (1988). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Scamehorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

Plaintiff's assertion that defendant bank was directly liable to it for the money it agreed to loan the individual defendants was not premised upon contract, but rather upon the existence of a promise sufficient to support a claim under a promissory estoppel theory. The elements of promissory estoppel are: (1) a promise, (2) that the promisor reasonably should have expected to induce action

of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature, and (4) in circumstances requiring that the promise be enforced if injustice is to be avoided. *Nygard v Nygard,* 156 Mich App 94, 100; 401 NW2d 323 (1986).

The only alleged promise relied upon by plaintiff in this case was "a promise by defendant Genesee Bank to loan money to defendants McLaughlin and Pittenturf, for plaintiff's benefit." As indicated above, the remedy of promissory estoppel is available in circumstances where a promise must be *enforced* if injustice is to be avoided. In this case, however, plaintiff's complaint alleged that Genesee Bank did in fact loan the money to the individual defendants as promised. Thus, because the only promise alleged by plaintiff was also alleged to have been performed, there was nothing on which relief could be granted. With respect to plaintiff's allegations that the bank failed either to notify it of the closing or to take reasonable precautions to insure plaintiff's receipt of the money, the trial court properly recognized that plaintiff failed to allege that the bank made any promises concerning either of these alleged obligations. Because the basis of a promissory estoppel claim is the existence of a promise, absent an allegation of a promise, a claim of promissory estoppel has not been stated.

Accordingly, we conclude that the trial court properly held that plaintiff failed to state a claim of promissory estoppel on which relief could be granted.

## II

Next, we conclude that, because the trial court properly held that plaintiff's complaint failed to

state a claim against the bank, the court did not err by thereafter declining to consider plaintiff's motion for summary disposition against the bank.

III

Because plaintiff had previously rejected the bank's offer to stipulate to the entry of a judgment in the amount of one dollar, the trial court awarded the bank costs under MCR 2.405(D), which provides in relevant part:

> If an offer is rejected, costs are payable as follows:
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

Plaintiff argues that the trial court's award of costs under this court rule was erroneous because: (1) there was no "verdict" within the meaning of MCR 2.405(D), and (2) defendant bank's offer of one dollar was not a bona fide offer that satisfied the "offer" requirement of MCR 2.405. Because we agree with plaintiff's first argument, we find it unnecessary to reach the second.

The court rule directs that it is the "adjusted verdict" that must be examined to determine whether costs are payable. The adjusted verdict is defined as "the verdict plus interest and costs from the filing of the complaint through the date of the offer." MCR 2.405(A)(5). The term "verdict," however, is defined as "the award rendered by a jury or by the court sitting without a jury, excluding all costs and interest." MCR 2.405(A)(4).

Plaintiff contends that the term "verdict" was not intended to include dispositions pursuant to a ruling on a motion. The question, therefore, is how

broad was the language "award rendered by . . . the court sitting without a jury" intended to be. In deciding this issue, we believe that a comparison of the sanction provisions of the offer-of-judgment rule and those of the mediation rule, is helpful, in that both rules are similar in purpose (i.e., to encourage settlement prior to trial). *Sanders v Monical Machinery Co,* 163 Mich App 689, 693; 415 NW2d 276 (1987).

Before December 1, 1987, the court rule governing the award of costs against a party who had rejected a mediation evaluation provided:

> If a party has rejected an evaluation *and the action proceeds to trial,* that party must pay the opposing party's actual costs unless the *verdict* is more favorable to the opposing party than the mediation evaluation. [Emphasis added.]

Applying this language, courts of this state were in disagreement over the precise circumstances under which mediation sanctions could be awarded, and, in particular, whether sanctions could be awarded following an order granting summary disposition. This disagreement was attributable primarily to differing interpretations concerning the effect of the language "the action proceeds to trial" and the fact that the term "verdict" was undefined. Compare *Mehelas v Wayne Co Community College,* 176 Mich App 809; 440 NW2d 117 (1989); *Herrera v Levine,* 176 Mich App 350; 439 NW2d 378 (1989); *The Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16; 428 NW2d 13 (1988); and *O D Silverstein, MD, PC v Services, Inc,* 165 Mich App 355; 418 NW2d 461 (1987).

However, effective December 1, 1987, the mediation rule was amended to expressly provide a definition of "verdict" to include:

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a *judgment entered as a result of a ruling on a motion filed after mediation.* [Emphasis added. MCR 2.403(O)(2).]

Despite the adoption of express language bringing rulings on motions within the definition of "verdict" under the mediation rule, the offer-of-judgment rule continued to define "verdict" as an "award rendered by a jury or by the court sitting without a jury." The fact that "verdict" is defined differently under the two court rules leads us to believe that similar constructions of the term were not intended. More specifically, the fact that the Supreme Court, in defining verdict under the mediation rule, expressly included judgments entered as a result of a ruling on a motion, without taking steps to define the term as used in MCR 2.405(A)(4) in the same manner, appears to warrant the conclusion that a verdict under MCR 2.405 was not intended to include a judgment entered as a result of a ruling on a motion for summary disposition.

Additionally, while we have noted that MCR 2.403 and MCR 2.405 have similar purposes, they are nevertheless dissimilar in other significant respects. We believe that an examination of these dissimilarities further supports the conclusion that the MCR 2.405 definition of verdict was not intended to include judgments entered pursuant to a ruling on a motion.

Mediation, for instance, is typically conducted shortly before trial and after discovery has been completed. Further, the evaluation amount is determined by a disinterested mediation panel. Thus, if a party decides to reject mediation, at the risk of exposure for future costs, it has at least made its rejection with an apparently meaningful under-

standing of both the merits and potential value of its claim. Under these circumstances, we find nothing unjust about imposing sanctions against a rejecting party whose action is ultimately dismissed pursuant to a motion filed after mediation has been conducted.

Under MCR 2.405, however, an offer may be made at any time until twenty-eight days before trial (including the period before discovery). Additionally, the amount of the offer is subject to the discretion of the offeror. Such circumstances create a potential for abuse in that a party could make a minimal offer of judgment early in a case, not with the intention of settling but with the hope of later securing attorney fees and costs. See *Sanders, supra,* p 692. While the trial court does have some discretion in deciding whether to award costs under the offer-of-judgment rule, see MCR 2.405(D)(3), it would appear that consideration of the circumstances described above, including the potential for abuse, nevertheless mitigates against imposing sanctions under MCR 2.405(D) against a rejecting party whose action is dismissed pursuant to a ruling on a motion.

Thus, our belief that "verdict" as used in MCR 2.405 was not intended to include a judgment entered pursuant to a ruling on a motion is supported not only by the noticeable absence of language similar to that used in MCR 2.403(O)(2)(c), but also by considerations of the underlying nature of the court rule itself.

We do not mean, through our discussion above, to undermine the use and value of MCR 2.405. We simply suggest that under the offer-of-judgment rule the factors and considerations underlying application of the sanction provisions to dispositions by motion are not as compelling as they are with respect to similar dispositions following medi-

ation. Moreover, while we agree with defendant that there is nothing unjust about imposing sanctions upon a party who has presented a groundless claim, there are other statutes and court rules that specifically address this situation. See MCL 600.2591; MSA 27A.2591; MCR 2.109, 2.114(F), 2.625(A)(2).[1]

Accordingly, for the reasons discussed above, we conclude that the trial court erred when it awarded defendant costs pursuant to MCR 2.405 after granting defendant's motion for summary disposition. The trial court's award of costs pursuant to MCR 2.405 is therefore reversed.

Affirmed in part and reversed in part.

[1] While we note that the defendant in this case did request costs pursuant to MCR 2.114, its request was denied by the trial court. Because defendant did not cross appeal this ruling, we are precluded from considering it on appeal. *Kim v Ford Motor Co,* 170 Mich App 544, 550; 429 NW2d 203 (1988).