**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 26, 2001**

GEORGE J. MARKETOS and
MARK VIDEO ENTERPRISES, INC.,

    Plaintiffs-Appellants,

v

No. 117376

AMERICAN EMPLOYERS INSURANCE
CO.,

    Defendant-Appellee.

_____

PER CURIAM

The plaintiffs brought this action to recover on a fire insurance policy for damages to their property. The trial resulted in a judgment for the plaintiffs, with the jury rejecting defendant's arson defense. The circuit court refused to award mediation sanctions under MCR 2.403(O). However, the Court of Appeals reversed, concluding that the trial court should not have deducted a setoff in determining whether mediation sanctions were warranted. We hold that the setoff was properly deducted and therefore reverse the judgment of the Court of Appeals in part.

I

Plaintiff, Mark Video Enterprises, Inc.,[1] owned a facility in Ann Arbor that it used to duplicate tapes of television programs and distribute them to local stations. On the evening of January 4, 1986, the building and most of the equipment were destroyed by fire. Plaintiffs filed a claim with defendant American Employers Insurance Co, which insured the property against loss by fire. Defendant denied the claim, asserting that the fire had been deliberately set and that Marketos was responsible for the arson. Following the denial of the claim, plaintiffs brought this action in December 1986 alleging breach of contract and bad-faith refusal to pay the claim.[2] Defendant had already paid $455,073.15 to First of America Bank, which held a mortgage on the real estate.[3]

The case has been tried twice. In 1990 a jury awarded no damages after finding that Marketos had committed arson. The trial judge, however, granted judgment notwithstanding the

---

[1] Plaintiff George J. Marketos was the president and sole shareholder of Mark Video Enterprises, Inc.

[2] Three amended complaints added claims for emotional distress and defamation, on which summary dispositions were granted for the defendant in April 1987, July 1987, and November 1987.

[3] The mortgagee had independent rights under the policy and would have had a valid claim even if the jury found that Marketos committed arson. In exchange for payment, the mortgagee assigned its debt instruments to the defendant, including the mortgage, promissory note, and personal guarantee of Marketos that secured the loan to Mark Video.

verdict and awarded $3,138,113.99 to Mark Video and $330,671.90 to Marketos. Under MCR 2.610(C), the judge also granted conditionally a new trial in the event that an appellate court reversed the judgment notwithstanding the verdict. The judge concluded that the defendant's evidence of arson was insufficient, that the verdict was against the great weight of the evidence, and that the plaintiffs were unfairly prejudiced when the defendant added a new theory during closing arguments.

The Court of Appeals thereafter reversed, concluding that sufficient evidence supported the verdict and that the verdict was not contrary to the great weight of the evidence. The Court also rejected the trial judge's conclusions regarding defense counsel's closing argument.[4]

The plaintiffs applied for leave to appeal to this Court. On August 22, 1995, we reversed the judgment of the Court of Appeals in part. Our order stated:

> As to that part of the Court of Appeals judgment reversing the judgment notwithstanding the verdict, leave to appeal is denied because we are not persuaded that the questions presented should now be reviewed by this Court. We reverse that part of the Court of Appeals judgment that reversed the Washtenaw Circuit Court's conditional ruling granting the plaintiffs' motion for a new trial. MCR 2.610(C). The Court of Appeals erred by rejecting the trial judge's conclusion that, in the circumstances of this case, the plaintiffs were disadvantaged unfairly when the defendant's closing argument advanced a previously unpleaded theory of

---

[4] Unpublished opinion per curiam, issued June 29, 1994 (Docket Nos. 140985, 143322).

3

affirmative defense.  We remand the case to the Washtenaw Circuit Court for a new trial pursuant to that conditional ruling.[5]

At the second trial in September 1997, the verdict form asked whether defendant had established the arson defense; if not, the verdict form then instructed the jury to determine the actual cash value of eight categories of property allegedly damaged in the fire.  The jury found that the insurer had not proved arson, and determined that the actual cash value of the damaged property was $1,707,709.

In posttrial motions, the judge adjusted the jury's findings of actual cash value on the basis of the trial evidence, policy language, and legal principles, resulting in an award of $799,394.85.  The court entered judgment in that amount, plus accrued interest, on December 11, 1997.

Before trial, mediation proceedings under MCR 2.403[6] had resulted in a proposed award of $1.5 million.[7]  The plaintiffs sought  sanctions under MCR 2.403(O), contending that the jury's "verdict" was more favorable than the mediation award. The trial judge refused to award sanctions because the verdict

_____

[5] Docket Nos. 101058, 101059, 102026, 102027.  See 450 Mich 852 (1995).

[6] Effective August 1, 2000, MCR 2.403 was amended to change the term "mediation" to "case evaluation."  In this opinion we will use the terminology applicable at the time of the proceedings in this case.

[7] The plaintiffs had accepted the mediation award; the defendant had rejected it.

4

following the posttrial adjustments was not more favorable to plaintiffs than the mediation award.

The Court of Appeals reversed on the sanctions issue. It examined the language of MCR 2.403(O), which provided, in part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. . . .

> (2) For the purposes of this rule "verdict" includes,

> (a) a jury verdict,

> (b) a judgment by the court after a nonjury trial,

> (c) a judgment entered as a result of a ruling on a motion after rejection of the mediation evaluation.

> (3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation . . . .

The Court held that the circuit court had improperly considered its posttrial adjustment of the jury's findings when determining whether to award sanctions:

> We hold that the plain language of MCR 2.403(O) requires the trial court to award mediation sanctions if the jury verdict itself, adjusted only as set forth in MCR 2.403(O)(3), is not more favorable to the rejecting party than the mediation evaluation. See *Frank v William A Kibbe & Assoc, Inc*, 208 Mich App 346, 352; 527 NW2d 82 (1995) ("The judge should have considered the amount of the jury verdict, adjusted only as permitted by MCR 2.403(O)(3), when determining if sanctions were required"). As applied to the case

5

at hand, we find that the trial court erred by subtracting the setoff amount before determining if mediation sanctions were warranted.

The plaintiffs have applied for leave to appeal to this Court, raising claims about other aspects of the Court of Appeals decision. Defendant has cross-appealed on the mediation sanctions ruling.

## II

This issue involves interpretation of a court rule, which, like matters of statutory interpretation, is a question of law that we review de novo. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000), articulates the proper mode of interpretation:

> When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. Similarly, common words must be understood to have their everyday, plain meaning. [Citations omitted.]

In this case, the Court of Appeals erred in treating the jury's findings as the "verdict" for purposes of MCR 2.403(O). The jury did not determine the amount that plaintiffs should recover. Rather, it made specific factual findings about the cash value of categories of property damage.

After the questions on the arson defense, the verdict form asked the jury:

3.   What was the actual cash value, that Plaintiffs have proven by a preponderance of the evidence for each of the following categories of property, at the time of the fire:

The form then listed the categories of property.

However, the trial court—*not* the jury—determined the amount that defendant would have to pay.  In particular, the court decided the legal effect of the setoff for defendant's payments to the bank on the mortgage.  The jury was told:

> There has been some testimony in this case about the defendant's payment of monies to First of America and obtaining an assignment of the mortgage as a result.  If you decide to rule in favor of the plaintiffs, you should award plaintiffs the full $480,000 stipulated value of the building and should not consider whether the defendant is entitled to a credit for the amount paid to First of America.  Any credit in this case can be determined by the Court, by me, as a matter of law.

MCR 2.403(O)(2) was amended in 1987 to include a definition of "verdict."  The rule now clarifies that decisions by the court, as well as by a jury, may be considered a verdict in some instances.[8]  For purposes of awarding sanctions under MCR 2.403(O), a "verdict" must represent a finding of the amount that the prevailing party should be awarded.  The dollar amount that the jury includes on the verdict form may or may not be the "verdict" for that purpose.[9]

---

[8] See *Mehelas v Wayne Co Comm College*, 176 Mich App 809, 811-814; 440 NW2d 117 (1989); *Wayne-Oakland Bank* v *Brown Valley Farms, Inc*, 170 Mich App 16, 20; 428 NW2d 13 (1988).

[9]   The Court of Appeals has considered other questions related to the meaning of this rule.  For example, several

The jury's factual findings in this case do not constitute a "verdict" under MCR 2.403(O). The jury found that the value of the building was $480,000. However, the circuit court determined as a matter of law that the plaintiffs were not entitled to recover that amount because the insurer had paid over $450,000 to the mortgagee, in effect on behalf of the plaintiffs. Similarly, some of the jury's findings regarding the actual cash value of other categories of property did not entitle plaintiffs to recover those amounts in light of applicable policy limits or deductibles.

Thus, in this case, the actual "verdict" was the decision by the court using the jury's factual findings. This verdict was not more favorable to the plaintiffs than the mediation award, and thus sanctions against the defendant were

decisions have stated that the result following appeals controls for purposes of sanctions under MCR 2.403. *Hyde v Univ of Mich Bd of Regents*, 226 Mich App 511, 526; 575 NW2d 36 (1997); *Keiser v Allstate Ins Co*, 195 Mich App 369, 374-375; 491 NW2d 581 (1992). In condemnation cases, the Court of Appeals has held that the jury's "verdict" should be adjusted to take into account the condemnor's deposit at the outset of the case, to make the verdict actually reflect the actual amount in controversy. *Detroit v Kallow Corp*, 195 Mich App 227, 229; 489 NW2d 500 (1992); *Great Lakes Gas Transmission v Markel*, 226 Mich App 127, 134; 573 NW2d 61 (1997). In *Szymanski v Brown*, 221 Mich App 423, 432-435; 562 NW2d 212 (1997), the Court held that for the purpose of MCR 2.403 sanctions, the amount of damages found by the jury must be trebled as provided by the applicable statute. Finally, a jury's findings must be adjusted by the court to take into account a plaintiff's comparative negligence. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 517-518; 556 NW2d 528 (1996), aff'd 458 Mich 582; 581 NW2d 272 (1998). While we have noted the Court of Appeals application of the rule in these various circumstances, we confine our holding in this case to the issue before us.

inappropriate. Accordingly, the judgment of the Court of Appeals is reversed in part,[10] and the case is remanded to the Washtenaw Circuit Court for any further proceedings necessary.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

[10] We have considered the plaintiffs' application for leave to appeal, and it is denied because we are not persuaded that the questions presented should be reviewed by this Court.