ECCLESTONE, MOFFETT & HUMPHREY, PC v OGNE, JINKS, ALBERTS & STUART, PC

Docket No. 95759. Submitted June 9, 1988, at Detroit. Decided January 23, 1989.

The law firm of Ogne, Jinks, Alberts & Stuart, P.C., and one of its associates, Stephen T. Moffett, were retained to prosecute a personal injury action on behalf of a client who agreed to a contingent fee arrangement. Moffett resigned from the firm and joined the new firm of Ecclestone, Moffett & Humphrey, P.C., which subsequently replaced the Ogne firm as attorneys of record for the personal injury client. The lawsuit was later settled and division of the resulting contingent fees of $65,029.33 between the two law firms became the subject of an action brought by the Ecclestone firm in Wayne Circuit Court against the Ogne firm, which brought a third-party claim against Moffett. The trial court, John H. Gillis, Jr., J., granted summary disposition in favor of the Ecclestone firm and distributed $41,529.33 of the fee to that firm and $25,500 to the Ogne firm. The court also awarded the Ecclestone firm $70 in costs and $1,955 in attorney fees pursuant to MCR 2.405, the court rule on offers to stipulate to entry of judgment, for the Ogne firm's failure to stipulate to the entry of a judgment. The Ogne firm appealed and the Ecclestone firm cross appealed.

The Court of Appeals *held:*

1. An attorney retained on a contingent fee arrangement who withdraws from a case for good cause is entitled to compensation for the reasonable value of his services based upon quantum meruit, and not the contingent fee contract. Here, the trial court's award of a portion of the fee to the Ogne firm was properly based on quantum meruit. The trial court did not clearly err in determining reasonable compensation to be $100 per hour.

2. The trial court did not abuse its discretion in awarding costs and reasonable attorney fees to the Ecclestone firm as a

REFERENCES

Am Jur 2d, Attorneys at Law § 262.

Circumstances under which attorney retains right to compensation notwithstanding voluntary withdrawal from case. 88 ALR3d 246.

sanction on the Ogne firm for its refusal to stipulate to the entry of a judgment.

Affirmed.

ATTORNEY AND CLIENT — CONTINGENT FEE ARRANGEMENTS — WITH-DRAWAL FROM CASE — QUANTUM MERUIT.

An attorney retained on a contingent fee arrangement who withdraws from a case for good cause is entitled to compensation for the reasonable value of his services based upon quantum meruit, and not the contingent fee contract.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Charles C. DeWitt, Jr.*), for plaintiff and third-party defendant.

*Ogne, Alberts & Stuart, P.C.* (by *James W. Stuart* and *Robert F. Whitmer*), for defendant and third-party plaintiff.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

PER CURIAM. In dispute is the distribution of a legal fee earned in an unrelated lawsuit. The two parties, both of which are law firms, claim the lion's share of the fee. The lower court entered an order on October 6, 1986, granting plaintiff's motion for summary disposition and distributing $41,529.33 of the fee to plaintiff and $25,500 to defendant. MCR 2.116(C)(10). In a second order also entered on October 6, 1986, the lower court awarded costs and attorney fees to plaintiff. MCR 2.405. Defendant appeals, and plaintiff cross appeals, from both orders.

In May of 1982, third-party defendant, Stephen T. Moffett, an associate of defendant law firm,[1] was retained in a personal injury lawsuit. Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Prior to its reorganization, defendant's name was Ogne, Jinks, Ecclestone & Alberts, P.C.

was subsequently retained and a complaint was filed. Thereafter, Moffett resigned from defendant and formed, along with two other attorneys, the plaintiff law firm. On September 24, 1985, plaintiff was substituted for defendant as attorneys in the personal injury lawsuit. The lawsuit was later settled and a $65,029.33 contingency fee was earned.

The parties first dispute the distribution of the legal fee, with defendant arguing that the fee should have been allocated pursuant to a preexisting agreement between Moffett and defendant. The lower court rejected defendant's claim and instead distributed the fee on the basis of quantum meruit. It found that defendant had spent 235 hours on the underlying lawsuit. Determining defendant's rate at $100 per hour, the court awarded defendant $23,500.

We hold that the lower court properly distributed the fee on the basis of the theory of quantum meruit. Defendant had a lien upon any judgment or fund resulting from its services. See *Ambrose v The Detroit Edison Co*, 65 Mich App 484, 487-488; 237 NW2d 520 (1975), lv den 397 Mich 888 (1976). An attorney retained on a contingent fee arrangement who withdraws from a case for good cause is entitled to compensation for the reasonable value of his services based upon quantum meruit, and not the contingent fee contract. *Medbury v General Motors Corp*, 119 Mich App 351, 358; 326 NW2d 139 (1982). Therefore, it was proper to compensate defendant pursuant to the principles of quantum meruit.

On cross appeal, plaintiff argues that the lower court erred in setting defendant's hourly rate at $100 per hour. This Court may not set aside a lower court's findings of fact unless such findings are clearly erroneous. MCR 2.613(C); *Medbury,* p

354. Although the rates submitted to the court by defendant were less than $100 per hour, the court was not bound by defendant's statements and was primarily concerned with setting a reasonable attorney fee. We find that the court did not clearly err when it determined defendant's fee to be $100 per hour.

In their second issue, the parties disagree with the lower court's award to plaintiff of $70 in costs and $1,955 in attorney fees. The court awarded these costs on the basis of MCR 2.405, which permits the imposition of costs following a party's rejection of an offer. Defendant argues that, "in the interests of justice," plaintiff should not have received these costs since defendant made several attempts to amicably resolve the fee dispute before it reached litigation. See MCR 2.405(D)(3). There is no guidance as to when the "interests of justice" preclude an award of attorney fees. *Sanders v Monical Machinery Co*, 163 Mich App 689, 692; 415 NW2d 276 (1987). A review of the record leads us to conclude that the court did not abuse its discretion in awarding these costs. Both parties were notified that, if they did not accept the other party's offer, that party would seek actual costs pursuant to MCR 2.405.

Plaintiff argues in its cross appeal that the lower court abused its discretion under MCR 2.405 when it awarded plaintiff attorney fees based on $100 per hour, instead of plaintiff's actual, stated fee of $150 per hour. A clear reading of MCR 2.405, however, indicates that the court has the discretion to assess reasonable attorney fees; there is no requirement for the court to assess actual attorney fees. A similar argument was rejected in *Johnston v Detroit Hoist & Crane Co*, 142 Mich App 597, 601; 370 NW2d 1 (1985), as it pertained to the mediation rule. The lower court did not

abuse its discretion in determining a reasonable rate to be $100 per hour.

The lower court's grant of summary disposition was proper.

Affirmed.