FREEMAN v CONSUMERS POWER COMPANY

Docket Nos. 88995-88997, 89554. Decided July 30, 1991. On application by the plaintiffs for leave to appeal, the Supreme Court, in lieu of granting leave, reversed in part the judgments of the circuit court and the Court of Appeals. Rehearing denied 438 Mich 1202.

Carl and Norman Freeman brought an action in the Kent Circuit Court against Consumers Power Company, DEC International, Inc., and Tommy N. Crawford, doing business as Tommy's Refrigeration Service, the manufacturer and installer of the Freemans' automated milking system, alleging that it had caused major health and production problems with respect to their dairy herd. Offers of settlement by the defendants were rejected. Thereafter, the court, Stuart R. Hoffius, J., granted summary disposition for each defendant, and the manufacturer and the installer additionally were granted actual costs under MCR 2.405(D). The Court of Appeals, CYNAR, P.J., and MARILYN J. KELLY and T. G. KAVANAGH, JJ., in an unpublished opinion per curiam, affirmed with regard to the utility and the installer, but vacated the judgment and award with regard to the manufacturer (Docket Nos. 110505, 111812, 112307). The plaintiffs seek leave to appeal the award of actual costs in favor of the installer.

In a unanimous opinion per curiam, the Supreme Court held:

The award of actual costs in favor of the installer must be set aside.

The term "verdict" as used in MCR 2.405(D) should be interpreted in accordance with the explicit definition found in MCR 2.405(A)(4) which does not include a summary disposition.

Reversed in part.

*Randall D. Fielstra* for the plaintiffs.

*James W. Dempsey* for defendant Consumers Power Company.

*Neil P. Jansen* for defendant Tommy N. Craw-

ford, doing business as Tommy's Refrigeration Service.

*William M. Bremer* and *Phillip J. Nelson* for defendant DEC International, Inc.

PER CURIAM. This case presents the question whether actual costs can be awarded pursuant to MCR 2.405(D) in a case that has been decided by summary disposition. The circuit court awarded such costs, and the Court of Appeals affirmed. We reverse, because the plain language of the court rule precludes such an award.

I

The plaintiffs own a dairy farm in Kent County. In 1977, they purchased an automated milking system. In the early 1980s, the plaintiffs determined that their herd was experiencing major health and production problems.

The plaintiffs filed this suit in October 1985. The defendants are the manufacturer of the automated milking system, the installer of the system, and the utility that supplied electrical service to the farm. The plaintiffs have alleged that each defendant played a role in causing the harm. In 1986, the plaintiffs amended their complaint so that it accurately named the manufacturer and the installer.

In March 1988, the installer filed an offer of judgment pursuant to MCR 2.405(B). He offered to settle the case, if the plaintiffs would accept $101 as complete payment for all liability. Approximately three weeks later, the plaintiffs rejected this offer.

The manufacturer and the utility filed similar

offers in May 1988. Each offered to settle the case for $100. Again, the plaintiffs declined the offers.[1]

In June 1988, each defendant filed a motion for summary disposition on the ground that the plaintiffs' suit had not been filed within the statutory limitation period. MCR 2.116(C)(7). Following a hearing, the circuit court granted the motions for summary disposition and entered an order dismissing the case.

Following the entry of the order granting summary disposition, the manufacturer and the installer filed motions seeking the actual costs that they had incurred following the plaintiffs' rejection of their offers to settle. This motion for actual costs[2] was filed under MCR 2.405(D), which provides:

Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs.

(3) The court shall determine the actual costs

---

[1] The plaintiffs did not file a written rejection of the offers made by the manufacturer and the utility. However, the plaintiffs' failure to accept the offer constituted rejection. MCR 2.405(C)(2)(b).

[2] The phrase "actual costs" is defined in MCR 2.405(A)(6):

"Actual costs" means the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment.

In MCR 2.405(A), one also finds definitions of "offer," "counteroffer," "average offer," "verdict," and "adjusted verdict."

incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

(4) Evidence of an offer is admissible only in a proceeding to determine costs.

(5) Proceedings under this rule do not affect a contract or relationship between a party and his or her attorney.

A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment.

The motions filed by the manufacturer and the installer were separately heard and granted.[3]

The plaintiffs appealed the summary disposition, as well as the orders that granted actual costs to the manufacturer and to the installer. The Court of Appeals consolidated these separate appeals. It later affirmed the summary disposition in favor of the utility and the installer, but vacated the summary disposition that had entered in favor of the manufacturer.[4] The award of actual costs to the installer was affirmed but, since the summary disposition in favor of the manufacturer had been set aside, the court also vacated the award of actual costs in favor of the manufacturer.[5]

The plaintiffs have applied for leave to appeal the judgment of the Court of Appeals, insofar as it affirmed the judgments of the circuit court.[6]

[3] In each instance, the circuit court awarded a smaller attorney fee than was sought by the defendant.

[4] *Freeman v Consumers Power Co,* unpublished opinion per curiam of the Court of Appeals, decided April 18, 1990 (Docket Nos. 110505, 111812, 112307).

[5] The Court of Appeals denied the manufacturer's motion for rehearing. *Freeman v Consumers Power Co,* unpublished order of the Court of Appeals, decided June 21, 1990 (Docket Nos. 110505, 111812, 112307).

[6] An application for leave to appeal has also been filed by the manufacturer.

II

The plaintiffs appeal the award of actual costs in favor of the installer. They observe that actual costs are to be paid only where there has been a "verdict." MCR 2.405(D)(1). Further, the rule contains a clear definition of the term "verdict":

"Verdict" means the award rendered by a jury or by the court sitting without a jury, excluding all costs and interest. [MCR 2.405(A)(4).]

Since the present case was decided by summary disposition, and not as a result of an "award rendered by a jury or by the court sitting without a jury," the plaintiffs believe that the rule does not authorize an award of actual costs.

The Court of Appeals rejected the argument, observing that an adjacent court rule, which governs mediation, provides that a " 'verdict' " includes " 'a judgment entered as a result of a ruling on a motion filed after mediation.' " MCR 2.403(O)(2)(c). The Court of Appeals agreed with a commentary[7] that suggested that the definition of "verdict" found in MCR 2.403(O)(2)(c) be applied in both rules, notwithstanding the definition found in MCR 2.405(A)(4).

The Court of Appeals thus concluded that "a judgment resulting from a grant of summary disposition is a verdict for purposes of imposing sanctions pursuant to MCR 2.405." The Court added that such an interpretation of the rule "is consistent with furthering its intended purposes of encouraging settlements and avoiding protracted litigation."

---

[7] See 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), 1989 supplement, p 63. See also 1991 supplement, p 101.

III

MCR 2.403 is a detailed rule that governs the complicated and controversial area of mediation. The rule is written with great specificity. One must, therefore, observe that MCR 2.403(O)(2) provides that the rule's definition of "verdict" applies "[f]or the purpose of this rule."

The rules in question, MCR 2.403(O) and 2.405(D), contain precisely worded definitions of "verdict." These definitions are clear, and there is no sound reason to employ one rule's definition in the application of the other rule.[8] The term "verdict" in MCR 2.405(D) should be interpreted in accordance with the explicit definition found in MCR 2.405(A)(4). That definition of "verdict" does not include a summary disposition.[9]

Accordingly, we conclude that the circuit court and the Court of Appeals erred, and that the award of actual costs in favor of the installer must

---

[8] While the two rules share a common purpose to some degree, they govern different means of settling litigation. Each rule has been crafted to provide governing principles narrowly tailored for the procedure governed by the rule. See *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 362-366; 466 NW2d 404 (1991). For instance, cases sent to mediation are evaluated by three lawyers who are wholly uninvolved in the litigation, whereas offers to settle are formulated by the parties themselves, creating the possibility that a party may make an offer not in a bona fide attempt to settle the case, but merely to create the possibility of securing an award of costs. For this and other reasons, MCR 2.405(D)(3) gives the trial judge discretion with regard to whether to award attorney fees against the party who rejected an offer to settle.

[9] The installer has brought to our attention the decision in *Ecclestone v Ogne,* 177 Mich App 74, 77; 441 NW2d 7 (1989). That case involved an award under MCR 2.405 following a summary disposition. However, there is no sign that the *Ecclestone* panel was presented with the issue that is before us today. Compare *Parkhurst Homes, Inc,* in which the Court of Appeals did address the question and reached the same conclusion that we reach today.

be set aside.[10] In lieu of granting leave to appeal, we therefore reverse in part the judgments of the Court of Appeals and the Oakland Circuit Court.[11] MCR 7.302(F)(1).

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

[10] The claims asserted in this case are not frivolous. However, we observe that a party who must respond to a frivolous claim or defense is not without recourse. MCR 2.114(D), (E). See also MCR 2.114(F), 2.625(A)(2); MCL 600.2591; MSA 27A.2591.

[11] We have also examined the arguments of the plaintiffs with regard to the summary disposition in favor of the utility and the installer, and the arguments of the manufacturer who protests the Court of Appeals reversal of the summary disposition that had entered in its favor. We are not persuaded that these remaining questions presented by the plaintiffs should be reviewed by this Court. Similarly, we are not persuaded that the questions presented by the manufacturer should now be reviewed by this Court. Thus we deny in part the plaintiffs' application for leave, and we deny the manufacturer's application.