## MAGNUSON v ZADROZNY

Docket Nos. 136239, 137042. Submitted July 22, 1992, at Grand
Rapids. Decided August 17, 1992, at 9:35 A.M.

Burton J. and Joyce Magnuson brought an action in the Roscommon Circuit Court against Anna and Alexander Zadrozny. The
case went to mediation, and the panel issued an evaluation in
favor of the plaintiffs for $18,000. Both sides rejected the
evaluation. On September 17, 1990, the defendants served on
the plaintiffs an offer of judgment in the amount of $5,000. The
plaintiffs rejected the offer and did not make a counteroffer. A
jury trial began on October 15, 1990, and resulted in a verdict
of $15,000 for Burton Magnuson and $5,000 for Joyce Magnuson. The plaintiffs moved for an award of attorney fees on the
basis of the defendants' rejection of the mediation evaluation
and for taxable costs. The defendants sought costs and attorney
fees necessitated by the plaintiffs' late cancellation of a scheduled deposition of a witness. The court, Carl L. Horn, J.,
granted both motions. Both sides appealed, and their appeals
were consolidated.

The Court of Appeals *held:*

1. The court erred in awarding the plaintiffs costs and
attorney fees. The cost provisions of MCR 2.405 control in this
case because the rejection of the offer of judgment occurred
after the mediation evaluation was rejected. Pursuant to MCR
2.405(D)(2), the plaintiffs are not entitled to recover costs and
attorney fees because they did not file a counteroffer. The
portion of the judgment awarding costs and attorney fees to the
plaintiffs must be reversed.

2. The defendants' offer of judgment, served on the plaintiffs
on the twenty-eighth day before trial, was timely. The defendants properly could serve on the plaintiffs their offer of
judgment until twenty-eight days before trial. Although normally service may not be made on the twenty-eighth day before

REFERENCES

Am Jur 2d, Depositions and Discovery § 395; Pretrial Conference
§ 38.
See the Index to Annotations under Deposition; Pretrial Conferences.

trial and still be timely, because the twenty-ninth day before trial was a Sunday, the defendants, pursuant to MCR 1.108(1), had until the next day, the twenty-eighth day before trial, to serve their offer.

3. The court did not abuse its discretion in awarding the defendants costs for the late cancellation of the deposition. The order granting the defendants costs associated with the cancellation must be affirmed.

Affirmed in part and reversed in part.

1. PRETRIAL PROCEDURE — MEDIATION AWARDS — OFFERS OF JUDGMENT — REJECTION — COSTS.

Where both a rejection of a mediation award and a rejection of an offer of judgment is made, the cost provisions of the court rule under which the later rejection occurred control; if the same party would be entitled to costs under both rules, costs may be recovered from the date of the earlier rejection (MCR 2.403, 2.405[E]).

2. PRETRIAL PROCEDURE — OFFERS OF JUDGMENT — SERVICE — TIMELINESS.

Until twenty-eight days before trial, a party may serve on the adverse party a written offer to stipulate the entry of a judgment for all or part of a claim, including interest and costs then accrued; service by mail is complete at the time of mailing; although service on the twenty-eighth day before trial normally is not timely, where the twenty-ninth day before trial falls on a Sunday, service on the twenty-eighth day is timely (MCR 1.108[1], 2.107[C][3], 2.405[B]).

3. PRETRIAL PROCEDURE — DEPOSITIONS — FAILURE TO ATTEND — COSTS.

A party that gives notice of the taking of a deposition and then fails to attend and proceed with the deposition may be ordered to pay another party reasonable expenses, including reasonable attorney fees, incurred in attending in person or by attorney pursuant to the notice (MCR 2.306[G]).

*Jay Trucks & Associates, P.C.* (by *Jay F. Trucks*), for the plaintiffs.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Patrick J. Michaels*), for the defendants.

Before: NEFF, P.J., and GRIBBS and CAVANAGH, JJ.

NEFF, P.J. In these consolidated appeals, defendants appeal as of right from a judgment entered following a jury verdict in favor of plaintiffs in the amount of $15,000 for Burton J. Magnuson and $5,000 for Joyce Magnuson. The judgment also provided that plaintiffs shall receive taxable costs of $2,862.98, interest to the date of judgment of $3,211.16, and attorney fees of $5,943.75. Plaintiffs appeal from a separate order requiring that they pay defendants $331.50 in costs and attorney fees necessitated by plaintiffs' counsel's late cancellation of a scheduled deposition of Christopher Schaiberger, M.D. We reverse in part and affirm in part.

I

The facts of the underlying suit are not at issue in these appeals except as they relate to the issue of the imposition of costs and attorney fees.

This case went to mediation, and the mediation panel issued an evaluation in favor of plaintiffs for a total amount of $18,000. Both sides rejected the mediation evaluation, and, on September 17, 1990, defendants served an offer of judgment in the amount of $5,000 on plaintiffs' attorney. Plaintiffs rejected the offer and did not make a counteroffer. The jury trial commenced on October 15, 1990.

After trial, plaintiffs moved for an award of attorney fees based on defendants' rejection of the mediation evaluation and for taxable costs. Defendants sought costs and attorney fees necessitated by the late cancellation of the scheduled deposition of Dr. Schaiberger. A hearing on the motions was held on December 11, 1990. The court ruled that plaintiffs were entitled to receive costs and attorney fees as a result of defendants' rejection of the mediation evaluation and that defendants were

entitled to costs and attorney fees as a result of the late cancellation of the Schaiberger deposition.

II

Defendants claim that the trial court erred in awarding plaintiffs costs and attorney fees. We agree.

The resolution of this issue depends on the interplay of several court rules. MCR 2.403 deals with mediation, and provides in pertinent part:

> (O) Rejecting Party's Liability for Costs.
> (1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

If MCR 2.403(O)(1) were to be considered alone and not in conjunction with any other court rules, defendants would be required to pay plaintiffs' actual costs because the jury verdict was more favorable to plaintiffs than the mediation evaluation. However, because defendants served on plaintiffs an offer to stipulate judgment, MCR 2.405 also comes into play. That court rule states in pertinent part:

> (B) Offer. Until 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.

Because plaintiffs did not expressly reject the

offer in writing or accept it as provided in MCR 2.405(C)(1), defendants' offer was deemed rejected pursuant to MCR 2.405(C)(2). MCR 2.405(D) provides for the imposition of costs following a rejection of an offer to stipulate judgment, and states in pertinent part:

> (2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs.

MCR 2.405(E) deals with the relationship between the cost provisions of MCR 2.405 and the cost provisions of MCR 2.403, where there has been, as in this case, both a rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer pursuant to MCR 2.405. It states:

> Relationship to Mediation. In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control, except that if the same party would be entitled to costs under both rules costs may be recovered from the date of the earlier rejection.

The offer of judgment made in this case was rejected by plaintiffs after the mediation evaluation was rejected. Accordingly, under MCR 2.405(E), the cost provisions of MCR 2.405 control. The only exception mentioned in the court rule applies where the same party is entitled to costs under both rules. This exception is inapplicable in this case because plaintiffs are not entitled to costs under both rules. According to MCR 2.405(D)(2),

plaintiffs are not entitled to recover actual costs under MCR 2.405 because they did not file a counteroffer.

On appeal, plaintiffs do not seem to take issue with the above analysis. Rather, they argue that they are entitled to recover actual costs because of defendants' rejection of the mediation evaluation and because defendants' offer of judgment was not timely and was therefore inoperative. We find that defendants' offer of judgment was timely and that plaintiffs' failure to make a counteroffer deprived them of their ability to recover actual costs.

The issue whether the offer was timely is resolved by construing the language of MCR 2.405(B). Again, this portion of the court rule states:

> Until 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.

Plaintiffs argue that defendants' offer was stamped as received by the circuit court on September 18, 1990, and that this date was clearly too late under the court rule. However, MCR 2.405(B) refers to serving an offer on the adverse party, not filing it with the court. Service by mail is complete at the time of mailing. MCR 2.107(C)(3). Thus, service of defendants' offer was effected on September 17, 1990, the date of mailing. Trial began on October 15, 1990.

Plaintiffs claim that, even using the September 17, 1990, date as the date of service, the offer was not timely. They claim that a party may serve an offer up to, but not during, the last four weeks before trial.

The critical inquiries in resolving this issue are the meaning of the phrase in MCR 2.405(B) "*[u]ntil* 28 days *before* trial" (emphasis added), and how that period of time is computed.

MCR 1.108 deals with computation of periods of time prescribed or allowed by the court rules, and states in pertinent part:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order.

Using this rule, the day of trial is the day of the act after which the designated period begins to run. Counting backwards twenty-eight days from the day before trial and counting the last day of the period, the offer at issue here is timely.

Even looking to dictionary definitions to define the words "until" and "before," and applying MCR 1.108, the same result is mandated.

Black's Law Dictionary (6th ed) defines "until" as:

> Up to time of. A word of limitation, used ordinarily to restrict that which precedes to what immediately follows it, and its office is to fix some point of time or some event upon the arrival or occurrence of which what precedes will cease to exist.

Similarly, *The Random House College Dictio-*

*nary: Revised Edition* (1984) defines "until" as: "[U]p to the time that or when; till. . . . before."

Black's defines "before" as: "Prior to; preceding; in front of."

*Random House* defines "before" as: "[I]n front; in advance; ahead . . . in time preceding; previously . . . earlier or sooner . . . in front of; ahead of; in advance of . . . previous to; earlier than."

Looking just to dictionary definitions, it appears that neither the first day of trial, October 15, 1990, nor the twenty-eighth day before trial, September 17, 1990, is to be counted. Thus, unless one reads "until" to mean "up to and including," under the dictionary definitions, service of the offer on September 17, 1990, appears not to have been timely. However, September 16, 1990, the day before the twenty-eighth day before trial, fell on a Sunday, a nonbusiness day under MCR 1.108(1). Thus, applying MCR 1.108(1), defendants had until September 17, 1990, to serve their offer.

Plaintiffs urge this Court to construe the language of MCR 2.405(B) using dictionary definitions and argue that where an action must be taken a minimum number of days before a certain event, the minimum should not be shortened by the fact that the last day falls on a nonbusiness day. The clear language of MCR 1.108(1) provides for no such exception.

On the basis of the foregoing, we find that defendants' offer of judgment was timely and that the trial court erred in awarding actual costs to plaintiffs. We therefore reverse that portion of the judgment awarding costs and attorney fees to plaintiffs.

III

Plaintiffs claim that the trial court abused its

discretion in awarding defendants costs for the late cancellation of the deposition of Dr. Schaiberger. We disagree.

At the hearing held on December 11, 1990, counsel for plaintiffs admitted that the details contained in defendants' motion were correct, but argued that defendants were not entitled to costs.

The trial court did not state the authority relied upon in granting these costs to defendants. However, MCR 2.306(G) provides in pertinent part:

> (1) If the party giving the notice of the taking of a deposition fails to attend and proceed with the deposition and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred in attending, including reasonable attorney fees.

The trial court properly assessed costs against plaintiffs for the late cancellation of the deposition. There was no abuse of discretion. We therefore affirm the order granting defendants costs associated with the cancellation of the deposition.

Reversed in part and affirmed in part.