FISCHER v CHEZ AMI LANES

Docket No. 167241. Submitted June 21, 1995, at Grand Rapids. Decided July 7, 1995, at 9:10 A.M.

Thomas A. and Donna J. Fischer brought an action in the Kent Circuit Court against Chez Ami Lanes, Scalici Development Co., and James W. Karsten Construction Company, seeking damages for injuries sustained by Thomas while on the premises of Chez Ami Lanes. The matter proceeded to mediation and a mediation award was entered against Karsten in the amount of $30,000, and against the other defendants in the amount of $55,000. The plaintiffs accepted both awards. Karsten accepted the award against it and paid the plaintiffs $30,000. The remaining defendants rejected the mediation award and countered with an offer to stipulate the entry of a judgment of $10,000. The plaintiffs made a counteroffer to settle for $55,000, making the average offer $32,500. Neither offer was accepted and the case proceeded to trial. The jury determined the plaintiffs' damages to be $76,000, but, because it also found Thomas Fischer to have been fifty percent comparatively negligent, the final verdict for the plaintiffs was for $38,000. The final judgment entered by the court, Donald A. Johnston, III, J., which included a setoff of $30,000 to reflect the settlement with Karsten, was $27,512.53. The court then denied the defendants' motion for sanctions pursuant to MCR 2.405. The defendants appealed from the denial of that motion, alleging that the court erred in calculating the adjusted verdict for purposes of determining sanctions by not deducting the $30,000 setoff from the jury's final verdict.

The Court of Appeals *held:*

The trial court properly denied the motion. The court rule clearly reflects an intention that the court use the jury's verdict, not the final judgment, as a basis for determining the appropriateness of sanctions. The court rule uses the adjusted verdict, the verdict plus interest and costs from the filing of the complaint through the date of the offer, as the basis of compari-

REFERENCES
Am Jur 2d, Judgments §§ 207, 209, 217.
See ALR Index under Consent Judgments; Verdicts.

son. Pursuant to the rule, an adjusted verdict does not include deductions of any setoff paid by another party to the lawsuit.

Affirmed.

PRETRIAL PROCEDURE — OFFERS TO STIPULATE ENTRY OF JUDGMENT — ADJUSTED VERDICTS — SETOFFS.

A trial court must use the adjusted verdict, not the final judgment, as the basis for its determination whether offer of judgment sanctions are appropriate under MCR 2.405; the adjusted verdict includes the verdict plus interest and costs from the filing of the complaint through the date of the offer but does not include deductions of any setoff paid by another party to the lawsuit.

*Robert N. Swartz,* for the plaintiffs.

*Kallas & Henk, P.C.* (by *Robert P. Hurley*), for Chez Ami Lanes and Scalici Development Co.

Before: McDONALD, P.J., and CONNOR and P. H. CHAMBERLAIN,* JJ.

CONNOR, J. Defendants appeal as of right from the trial court's order denying their motion for sanctions pursuant to MCR 2.405. On appeal, defendants claim that the amount of plaintiffs' setoff,[1] like plaintiffs' comparative negligence,[2] must be deducted in computing the adjusted ver-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] A mediation award of $85,000 was entered in this case, $55,000 of which was entered against the present defendants and $30,000 against defendant James W. Karsten Construction Company. Plaintiffs accepted both awards and defendant Karsten also accepted the award against it. As such, the claim against defendant Karsten was settled for $30,000 and Karsten is not a party to this appeal.

Defendants rejected the mediation award and countered with an offer to stipulate the entry of a judgment of $10,000. Subsequently, plaintiffs made a counteroffer to settle in the amount of $55,000, making the average offer $32,500, pursuant to MCR 2.405(A)(3).

[2] After a trial, the jury assessed damages at $76,000, with a finding of fifty percent comparative fault against plaintiff Thomas Fischer, resulting in a jury verdict of $38,000.

dict amount for purposes of offer of judgment sanctions. We affirm.

The jury verdict awarded plaintiffs an amount that exceeded the average offer. Nevertheless, defendants argue that they should have been awarded sanctions pursuant to MCR 2.405 because, after deducting the $30,000 setoff, the final judgment of $27,512.53 was less than the average offer. The trial court, in denying defendants' motion for sanctions, ruled that the plain language of the court rule reflects an intention by the drafters to use the verdict only, not the final judgment, as the basis for sanctions. We agree.

MCR 2.405(D) provides for the payment of costs if an offer is rejected, using the adjusted verdict as the basis for comparison. The court rule specifically defines "adjusted verdict" as "the verdict plus interest and costs from the filing of the complaint through the date of the offer." MCR 2.405(A)(5). Pursuant to the court rule, an adjusted verdict does not include deductions of any setoff paid by another party to the lawsuit. MCR 2.405(A)(5); see *Warden v Fenton Lanes, Inc,* 197 Mich App 618, 623; 495 NW2d 849 (1992). Consequently, we believe the trial court used the proper method in calculating the adjusted verdict for purposes of determining sanctions.

Defendants have presented no authority to rebut the case law that consistently supports the trial court's ruling. See *Warden,* pp 622-623; *Freeman v Consumers Power Co,* 437 Mich 514, 519; 473 NW2d 63 (1991); *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 362-366; 466 NW2d 404 (1991).

Accordingly, we find the trial court's decision and reasoning with respect to defendants' request for sanctions was proper.

Affirmed.