J C BUILDING CORPORATION II v PARKHURST HOMES, INC

Docket No. 180956. Submitted June 4, 1996, at Detroit. Decided July 5, 1996, at 9:10 A.M. Leave to appeal sought.

J.C. Building Corporation II brought an action in the Wayne Circuit Court against Parkhurst Homes, Inc., and Gregory Morris, alleging breach of contract and seeking damages. The defendants jointly answered the plaintiff's complaint and filed a joint counterclaim, alleging breach of contract and seeking damages. The matter went to mediation, and the mediation panel rendered an evaluation for the plaintiff of $15,000 against the defendants and an evaluation for the defendants of $5,000 against the plaintiff. All the parties rejected the evaluations. Thereafter, the defendants made a joint offer of judgment to the plaintiff of $750. The plaintiff rejected the offer and made a counteroffer of judgment to the defendants of $125,000, which the defendants rejected. A jury returned a verdict for the plaintiff, awarding the plaintiff damages of $4,350 against Parkhurst and $60,000 against Morris, and a verdict of no cause of action with respect to the defendants' crossclaim. The plaintiff sought both mediation sanctions under MCR 2.403 and offer of judgment sanctions under MCR 2.405, claiming that it aggregate final judgment against the defendants was more favorable than the average offer of judgment and that Parkhurst had failed to improve its position by ten percent from that it would have had under the mediation evaluation. Parkhurst sought similar sanctions, claiming that the jury verdict rendered against it was more favorable to it than the average offer of judgment and that the plaintiff had failed to better its position by ten percent from that it would have had under the mediation evaluation. The trial court, Marvin R. Stempien, J., held that the aggregate of the verdicts returned separately against the two defendants should be used for the determination of sanctions under MCR 2.405 and that, accordingly, the plaintiff was entitled to sanctions under MCR 2.405 and awarded the costs and attorney fees claimed by the plaintiff. Parkhurst appealed.

The Court of Appeals *held*:

1. Because the rejection of the counteroffer of judgment occurred after the rejection of the mediation evaluation, the question of sanctions is controlled by MCR 2.405.

2. Because the defendants chose to file a joint answer, joint counterclaim, joint witness list, a joint motion for summary disposition, and a joint offer of judgment, the plaintiff properly made its counteroffer of judgment joint. The trial court reasonably concluded that under these circumstances the proper method of ascertaining whether sanctions were appropriate was to use the aggregate of the jury verdicts returned against the two defendants. Because the aggregate of the verdicts found by the jury payable to plaintiff by the defendants was more than the average offer of judgment, the trial court correctly concluded that the plaintiff was entitled to sanctions under MCR 2.405(D).

3. Because the costs were taxed by the court, the plaintiff was not required to file a bill of costs that conformed to MCR 2.625(G).

4. The costs that may be taxed are governed by statute. Because there is no statutory authority to tax as costs the cost of certified copies of Morris' criminal record, the mediation fee, or the cost of enlarging an exhibit, the trial court erred in allowing the amounts expended for those purposes to be taxed as costs.

5. The trial court reasonably concluded that taxable attorney fees could be based on the time spent by several different attorneys in the law firm that represented the plaintiff.

6. Although the trial court indicated that it found the claimed attorney fees to be reasonable, the record does not support the conclusion that the trial court considered the appropriate factors in determining the reasonableness of the attorney fees. The trial court's award of attorney fees must be set aside, and the matter must be remanded to the trial court for a hearing to determine the reasonableness and appropriateness of the attorney fees.

7. In the absence of the offers of judgment, the plaintiff would have been entitled to mediation sanctions. Therefore, pursuant to MCR 2.405(E), the plaintiff is entitled to recover costs from the date of the rejection of the mediation evaluation. However, the plaintiff is not entitled to tax as costs the attorney fees for the time attributable to the period before the rejection of the mediation evaluation.

8. Parkhurst is not entitled to costs and attorney fees under MCR 2.405, because the jury verdicts should be aggregated when determining whether sanctions should be awarded.

Affirmed in part, reversed in part, and remanded.

1. COSTS — OFFERS OF JUDGMENT — SANCTIONS — MULTIPLE PARTIES.

Jury verdicts rendered against separate defendants should be aggregated for the purpose of determining whether to impose offer of

judgment sanctions where the defendants have acted jointly in the proceedings (MCR 2.405[D]).

2. COSTS — BILL OF COSTS.
A party to whom costs are taxed by the court on the signing of the judgment is not required to file a bill of costs conforming to the requirements of MCR 2.625(G).

*Morris & Doherty, P.C.* (by *E. Michael Morris* and *Steven W. Samosiuk*), for the plaintiff.

*DeMarco and Sage* (by *Bruce J. Sage*), for the defendants.

Before: CAVANAGH, P.J., and HOOD and J. J. McDON-ALD,* JJ.

PER CURIAM. Defendant Parkhurst Homes, Inc,[1] appeals as of right the circuit court's order granting mediation and offer of judgment costs and attorney fees to plaintiff. We affirm in part, reverse in part, and remand in part.

Plaintiff filed a complaint against defendants, Parkhurst and Gregory Morris,[2] for breach of contract and misrepresentation arising out of a contract for the sale of two modular homes and development of residential property. On March 12, 1993, defendants filed a counterclaim against plaintiff alleging breach of contract. On November 8, 1993, mediation was held. The mediation panel awarded plaintiff $15,000 against defendants and awarded defendants $5,000 on the counterclaim. All parties rejected the mediation awards.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Better Housing is an assumed name for Parkhurst Homes, Inc.

[2] Defendant Gregory Morris is also listed as an appellant in this action. However, Parkhurst's brief indicates that Morris has not filed a claim of appeal.

On November 24, 1993, defendants jointly made an offer of judgment to plaintiff in the amount of $750. On December 13, 1993, plaintiff rejected the offer and made a counteroffer in the amount of $125,000, which defendants rejected.

Trial in the matter commenced on August 1, 1994. Following trial, the jury rendered a verdict in favor of plaintiff. The jury awarded plaintiff $4,350 against Parkhurst and $60,000 against Morris. The jury found no cause of action with respect to defendants' counterclaim. A judgment was entered in favor of plaintiff for $4,775.79 against Parkhurst and $65,873.27 against Morris.

Plaintiff then brought a motion for sanctions against defendants pursuant to MCR 2.403 and MCR 2.405. Plaintiff claimed that the final judgment against defendants was more favorable to plaintiff than the average offer of judgment and that Parkhurst failed to improve its position by ten percent from that it would have had under the rejected mediation evaluation. Plaintiff listed its costs as follows: witness fees and subpoena costs, $172; reading depositions into the record, $485 and $97.25; obtaining certified copies of criminal convictions, $22; filing, $348; expert witness fees, amount not specified; and, attorney fees, $46,406.

Parkhurst also brought a motion for sanctions and attorneys fees against plaintiff. Parkhurst claimed that because the jury only rendered a verdict of $4,350 against it, the judgment was more favorable to it than the average offer of judgment, and that plaintiff had not bettered its position by ten percent with regard to the mediation evaluation. Parkhurst argued that because each defendant was entitled to separate

treatment of its respective verdict, plaintiff was not entitled to sanctions against it.

In resolving this issue, the trial court, in pertinent part, stated:

> Defendants admit that, in regard to Gregory Morris plaintiff did better than its earlier position as a result of the litigation, but claim that it did not do so with regard to Parkhurst. Defendants say that this court should not consider both awards against these defendants together when determining the outcome of these cross motions.
>
> The resolution of these motions for costs and attorney fees is within the sound discretion of the court. . . .
>
> The evidence in this case showed, and the jury so found from the evidence that the defendants each breached their agreement with J.C. Building. Defendants try to argue that they should be treated individually in determining if the plaintiff had bettered its position as a result of the litigation under MCR 2.405. But prior to trial and after mediation an offer of judgment was made jointly on behalf of both defendants in the amount of $750. A counter offer of judgment was then made to both defendants on behalf of the plaintiff in the amount of $125,000. Thus, the average offer as to both defendants jointly is $62,875.00. The verdicts against both defendants total $70,648.96. The defendants here chose to make their offer jointly. Having done that, they now cannot escape being treated jointly for sanctions under the offer of judgment rule.
>
> In addition, the defendants factually have a common interest for the purposes of this cause of action. Gregory Morris is the hired agent of Parkhurst. When J.C. Building wanted to make contact with Parkhurst it did so through Gregory Morris and then Gregory Morris in turn relayed information between Parkhurst and J.C. Building. If there was a problem with Gregory Morris's performance, it was Parkhurst that had the power to address it. This communication network that was accepted by the parties, in the dealings and the control that Parkhurst exercised over Gregory Morris as its agent in its dealings demonstrate that

both defendants were operating with one common purpose in their activities that are [the] subject of this action.

Therefore, plaintiff will be awarded $2,666.25 in costs and $46,406.00 in attorney fees as sanctions in this action.

On appeal, Parkhurst challenges the trial court's award of costs and attorney fees in favor of plaintiff, arguing that Parkhurst should be treated separately from Morris. When there has been both the rejection of the mediation award pursuant to MCR 2.403 and a rejection of an offer of judgment under MCR 2.405, the costs provisions of the rule under which the later rejection occurred control. MCR 2.405(E); *Zantop Int'l Airlines, Inc v Eastern Airlines*, 200 Mich App 344, 366; 503 NW2d 915 (1993). Because the rejection of the offer of judgment occurred after the rejection of the mediation evaluation, MCR 2.405 applies in this case. This Court reviews a trial court's decision to award sanctions under MCR 2.405 for an abuse of discretion. *Cole v Eckstein*, 202 Mich App 111, 117; 507 NW2d 792 (1993).

MCR 2.405(D), in relevant part, provides:

If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs.

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

Parkhurst contends that the trial court improperly aggregated the defendants' individual verdicts to determine whether costs could properly be awarded. We agree with the trial court's reasoning that Parkhurst chose to present the offer of judgment jointly and therefore should be bound by this action. Parkhurst claims that it argued joint and several liability with Morris. However, there is nothing in the record that supports this argument. In fact, the record fully supports that throughout this entire action, defendants acted jointly. Defendants filed a joint answer, a joint counterclaim, a joint witness list, a joint motion for partial summary disposition, and a joint offer of judgment. Furthermore, Morris was an agent or employee of Parkhurst because he signed all the contracts and documents on behalf of Parkhurst. Defendants were also treated jointly by the plaintiff, as evidenced by defendants being lumped together in the complaint, with each count brought against all defendants. Moreover, it appears that plaintiff did not of its own volition choose to treat the defendants jointly. Defendants had answered the complaint jointly, filed a joint counterclaim, and made a joint offer of judgment. Plaintiff simply responded in like kind to the offer of judgment.

Parkhurst also contends that the language of MCR 2.405 regarding an offer of judgment is worded in the singular fashion referring to "an adverse party" and to the "offeror." However, as noted by Parkhurst, this Court has applied MCR 2.405 either to allow or to deny sanctions in situations where offers of judgment were made jointly by multiple plaintiffs or defendants. *Fischer v Chez Ami Lanes*, 212 Mich App 19; 536 NW2d 840 (1995); *Magnuson v Zadrozny*, 195

Mich App 581; 491 NW2d 258 (1992); *Brooks v Gough*, 189 Mich App 623; 473 NW2d 771 (1991). Although Parkhurst notes that the fact that the parties were treated jointly was not a contested issue in these cases, this Court nevertheless has impliedly recognized and upheld joint offers of judgment and the aggregating of verdicts for determination of sanctions. We therefore find that the trial court in this case did not abuse its discretion by aggregating the verdicts, and the award of costs was proper.

Parkhurst also challenges the reasonableness and the appropriateness of the costs and attorney fees pursuant to MCR 2.625 and MCR 2.405. This Court will reverse a trial court's award of attorney fees or costs only for an abuse of discretion. *Haberkorn v Chrysler Corp*, 210 Mich App 354, 379; 533 NW2d 373 (1995); *Ecclestone, Moffett & Humphrey, PC v Ogne, Jinks, Alberts & Stuart, PC*, 177 Mich App 74, 77; 441 NW2d 7 (1989).

Parkhurst claims that plaintiff failed to follow the proper procedure for taxation of costs by failing to file a bill of costs as required by MCR 2.625(G). However, MCR 2.625(F), in pertinent part, provides:

> (1) Costs may be taxed by the court on signing the judgment, or may be taxed by the clerk as provided in this subrule.
>
> (2) When costs are to be taxed by the clerk, the party entitled to costs must, within 28 days after the judgment is signed, or within 28 days after entry of an order denying a motion for new trial or to set aside the judgment, present to the clerk
>
> (a) a bill of costs conforming to subrule (G),
>
> (b) a copy of the bill of costs for each other party, and
>
> (c) a list of the names and addresses of the attorneys for each party or of parties not represented by attorneys.

The trial court in this case signed the judgment as prescribed under MCR 2.625(F)(1). Therefore, plaintiff was not required to file a bill of costs under MCR 2.625(G).

Parkhurst next contends that several of the items of costs allowed by the court were not recoverable because there was no statutory authority. Specifically, Parkhurst challenges three costs that were awarded: certified copies of Morris' criminal conviction, $22; mediation fee, $150; and exhibit enlargement, $168. The power to tax costs is wholly statutory. *Herrera v Levine*, 176 Mich App 350, 357; 439 NW2d 378 (1989). Taxation of costs and allowable fees is governed by MCL 600.2401 *et seq.*; MSA 27A.2401 *et seq.* and MCL 600.2501 *et seq.*; MSA 27A.2501 *et seq.* Neither of these chapters contains provisions for these particular costs. Costs are not recoverable where there is no statutory authority. *Herrera, supra.* Because there is no statutory authority allowing the costs for certified copies of Morris' criminal conviction, the mediation fee, and the exhibit enlargement, we reverse the award of costs for those items.

Parkhurst also argues that the court rule allows for an award of reasonable attorney fees in the singular, not the plural, and that the award of attorney fees for the work of several different attorneys was improper. We disagree. Plaintiff was represented by only one law firm. The affidavit of E. Michael Morris, the principal attorney on the case, verifies the time spent on the case. Where a law firm handles a case, it is not illogical that more than one attorney from that firm may work on the case. We therefore find that it was not unreasonable for the trial court to award attorney

fees that included time for work for several attorneys from one law firm on a single case.

Parkhurst next challenges the trial court's failure to make findings relative to the reasonableness of the fees. In making its determination, the trial court stated:

> The Court finds that such amounts are reasonable in light of the proofs that have been submitted, including an itemized summary of time and a supporting affidavit.

There is no precise formula for computing the reasonableness of an attorney's fee. *Crawley v Schick*, 48 Mich App 728; 211 NW2d 217 (1973). However, the factors to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Id.*, p 737.]

The Michigan Supreme Court adopted the *Crawley* standard in *Wood v DAIIE*, 413 Mich 573, 588; 321 NW2d 653 (1982).

We note that the court need not detail its findings relative to each specific factor considered. *Id.* However, in the present case, the trial court considered none of the *Crawley* factors on the record. Instead, the trial court found that "such amounts are reasonable in light of the proofs that have been submitted." On the basis of the record, we are not satisfied that the trial court considered the appropriate factors in

determining the reasonableness of the attorney fees. We, therefore, reverse the trial court's award of attorney fees and remand for a hearing regarding the reasonableness and appropriateness of the attorney fees.

Next, Parkhurst claims that the trial court improperly awarded fees that dated back to the mediation. We agree in part. The claimed attorney services included a total of one-half hour of time attributable to the period before the date that was the deadline for the rejection or the acceptance of the mediation evaluation. Attorney fees incurred before the deadline for the acceptance or rejection of a mediation evaluation are not taxable costs pursuant to MCR 2.403(O). *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). The trial court in this case awarded attorney fees for one-half hour of time incurred in the delivery of a copy of a settlement agreement one day after entry of the mediation evaluation. We find that this was an improper taxation of costs because the twenty-eight-day period for accepting or rejecting the mediation evaluation had not expired. *Id.*

Parkhurst also challenges an additional 5.3 hours of time that occurred before the final rejection of plaintiff's counteroffer. This challenge is without merit. Under MCR 2.405(E), if both the mediation rule and the offer of judgment rule would apply and the same party would be entitled to costs under both rules, costs may be recovered from the date of the earlier rejection. We have concluded that plaintiff was entitled to costs under MCR 2.405. For the same reasons, plaintiff is entitled to costs under MCR 2.403. Again, because the parties were treated jointly throughout the case, the verdicts should be aggregated for deter-

mination whether the verdict was more favorable to plaintiff. Moreover, MCR 2.403(O)(4)(b) indicates that in a multiple party situation where the mediation was not joint but the later verdict was, the verdict must be more favorable to the plaintiff than the total mediation with respect to those defendants for the plaintiff to recover costs. Therefore, the separate mediation awards are aggregated. We find that the same logic should apply to the facts in this case. The mediation evaluation was aggregated to be a total of $15,000 less than the $5,000 award on the counterclaim. Likewise, the verdicts should be aggregated to total $70,649. Plaintiff had clearly bettered its position between the mediation evaluation and the verdict by more than ten percent. Accordingly, because plaintiff would have been entitled to mediation sanctions under MCR 2.405(E), the costs should date back to the earlier rejection that would have occurred at the latest on December 6, 1993, twenty-eight days after the November 8, 1993, mediation.

Parkhurst finally argues that it is entitled to costs and attorney fees pursuant to MCR 2.405(A)(6), because the adjusted verdict against Parkhurst in the amount of $4,775 was more favorable to Parkhurst than the actual offer. We disagree.

Regarding Parkhurst's claim for costs on the basis that the individual verdict against it was more favorable to it, we have concluded that this argument is without merit. Under the facts of this case, the verdicts rendered should be aggregated when determining whether sanctions should be awarded. Even if Parkhurst's claims for costs related to its counterclaim, the jury returned a verdict of no cause of action with respect to the counterclaim, which is not

more favorable to Parkhurst than either the mediation evaluation or the average offer of judgment. We therefore conclude that the trial court did not abuse its discretion in denying Parkhurst costs and attorney fees.

We affirm with respect to the trial court's determination that plaintiff is entitled to costs and attorney fees under MCR 2.405, but vacate that part of the award of costs that was for certified copies of the record of Morris' criminal conviction, the mediation fee, the exhibit enlargement, and the one-half hour of attorney time that was incurred on the day after the mediation evaluation was rendered, set aside the remaining award of attorney fees, and remand for a hearing with respect to the reasonableness of those remaining attorney fees.